[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14526
Non-Argument Calendar

_____

D. C. Docket No. 07-20128-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL V. AYUSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 8, 2008)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Paul V. Ayuso appeals his 60-month sentence for possession with intent to distribute 100 or more marijuana plants, 21 U.S.C. § 841(a)(1). Ayuso argues that the district court erred by failing to sustain his objection to the probation officer's assignment of one criminal history point for a petty larceny conviction in 2001 ("2001 Petty Larceny") because the government failed to produce a sufficiently reliable record of conviction, and the record reflects that the district court did not believe that the government met its burden. For the reasons set forth more fully below, we affirm.

Ayuso pled guilty to the charge pursuant to a written plea agreement.[1] In the presentence investigation report ("PSI"), Ayuso was assigned a total of two criminal history points: (1) one point for a 2002 conviction for driving while intoxicated ("2001 DUI"); and (2) one point for the 2001 Petty Larceny. Ayuso's guideline imprisonment range was 21 to 27 months. Because he had two criminal history points, Ayuso did not qualify for safety valve consideration.[2] In his objections to the report, Ayuso asserted that the probation officer had "not produced or verified by certified disposition that the criminal history points [were] a result of convictions."

---

[1] The government is not enforcing the plea agreement's appeal waiver.

[2] To qualify for safety valve consideration, the defendant must have, among other things, only one criminal history point. U.S.S.G. § 5C1.2. If found eligible, the defendant can be sentenced in accordance with the applicable guidelines without regard to any statutory minimum sentence. Id.

At the sentencing hearing, the court noted that it had a certified copy of the computerized docket sheet for the 2001 Petty Larceny, but found that the document was ambiguous. The government later provided a waiver of preliminary hearing document for Ayuso's 2001 Petty Larceny. The government stated that this document indicated that there was a conviction following an entry of guilty, and, thus, even assuming that it was a diversionary disposition, it would still be counted under U.S.S.G. § 4A1.2(f).[3] The probation officer agreed with the government's assessment. Referring to the waiver of preliminary hearing document, the court stated,

> It is certified. It states [Ayuso's] case number, his address, the date of arrest, the date of birth, his race, his gender. And, again, there is a paragraph that deals with different sorts of events that might occur.
>
> There is a file stamp, and although the file stamp is not congruent with the blanks that the file stamp is supposed to fill in, it seems to me that the unmistakable import of this document is that there was an adjudication of guilt for [Ayuso] in this case back in 2001. I can't think of any other possible way to read or interpret this certified state court document.
>
> As I read it, it says that [Ayuso] was brought before the Court on October 1st of 2001, that he entered a plea of guilty, that he was adjudicated guilty on those charges, and he was assessed court costs and/or fine of $136. And that, under Section 4A1.2 of the Guidelines, counts as a prior sentence. So that means that the safety valve is unavailable to [Ayuso].

---

[3] This section provides that diversionary dispositions are countable if a finding of guilt is made. U.S.S.G. § 4A1.2(f).

3

The court sentenced Ayuso to 60 months' imprisonment, the statutory minimum.

"We review de novo the district court's application and interpretation of the sentencing guidelines, and we review factual findings for clear error." United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir.), cert. denied, 127 S.Ct. 693 (2006) (internal citations omitted). The district court must correctly interpret and apply the Guidelines when calculating the appropriate advisory guideline range. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

In calculating a defendant's criminal history category, one point is added for each prior sentence under 60 days. See U.S.S.G. § 4A1.1(c). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Commentary notes that a diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. U.S.S.G. § 4A1.1, comment. (n.3).

"[W]hen a defendant challenges a factual basis of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir.), cert. denied, 127 S.Ct. 128 (2006) (citation omitted). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence

4

heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." Id.; see also U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy").

We have held that a certified copy of a conviction is not necessary to support a finding of a conviction. United States v. Wilson, 183 F.3d 1291, 1301 (11th Cir. 1999) (noting that, "[w]hile the best approach would always be to produce a certified copy of the conviction, we find the sources the district court relied upon-a PSI, the on-the-record statements of a probation officer, and the notes of another probation officer-when taken together, were sufficiently reliable to support the court's finding that Herndon had been convicted of the weapons charge in question"); see also United States v. Acosta, 287 F.3d 1034, 1038 (11th Cir. 2002) (holding that an uncertified copy of a juvenile adjudication, where the original was sealed and unavailable in its original form, proved beyond a reasonable doubt that the defendant had a prior drug conviction).

To prove the fact of Ayuso's 2001 Petty Larceny conviction, the government submitted the computerized docket sheet for case number B01057031, which listed

5

the charge "Petit Larceny, Theft," along with the disposition, "CONV/CTS/FINE/COST," and the date "10/01/2001." The waiver of preliminary hearing document, which was poorly copied, nevertheless clearly displayed case number B01-57031 and showed a rectangular stamp with several markings inside, including three "G's." The date "OCT - 1 2001" also appeared inside the rectangular stamp at a slightly different angle. Although the stamps were not applied directly over the text, the court reasonably interpreted that the three "G's" referred to (1) Ayuso entering a plea of guilty, (2) the state court finding Ayuso guilty of the charge, and (3) the state court adjudging Ayuso guilty. Moreover, the probation officer agreed that the document indicated that there was a conviction following an entry of a guilty plea. Ayuso has offered no viable alternative explanation for the stamp's markings. Additionally, although the computerized docket sheet was ambiguous standing alone, it corroborates the court's finding that Ayuso was convicted of petty larceny when read in conjunction with the waiver of preliminary hearing document and the probation officer's testimony. Further, Ayuso's argument that the district court did not believe that the government met its burden of proving the fact of Ayuso's 2001 Petty Larceny conviction is without merit.

Therefore, the district court considered relevant, sufficiently reliable

information and, thus, did not clearly err in finding that the government proved by a preponderance of the evidence the fact of Ayuso's 2001 Petty Larceny conviction. Accordingly, the court properly assigned one point for the prior conviction.

In light of the foregoing, Ayuso's sentence is

**AFFIRMED.**