[DO NOT PUBLISH]

THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14202
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00042-JRH-WLB


DON BOYD,

                                                        Plaintiff - Appellant,


versus


STATE OF GEORGIA,
MEDICAL COLLEGE OF GEORGIA POLICE BUREAU,
OFFICER C. ROMERO,

                                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 13, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Don Boyd, proceeding pro se, appeals the district court's dismissal of his complaint against the State of Georgia, the Medical College of Georgia Police Bureau, and Officer C. Romero. In his complaint, Boyd described that as he was driving to a medical appointment, he was pulled over by Officer Romero and given a traffic citation for failing to stop for a pedestrian in a crosswalk. He asserted several claims in connection with this traffic stop and citation, including violations of his civil and constitutional rights. Before the state, the college, and the officer were served with the complaint,[1] the district court sua sponte dismissed the complaint without prejudice on abstention grounds. Specifically, the district court took judicial notice of the ongoing state criminal proceeding relating to Boyd's traffic citation. The district court then concluded that under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), adjudication of Boyd's claims in federal court would impermissibly interfere with the ongoing state court proceeding. After careful consideration, we affirm the district court's dismissal.

## I.

Boyd raises several issues on appeal. He primarily argues that the district court denied him due process by taking judicial notice of the online record of his

---

[1] The State of Georgia, the Medical College of Georgia Police Bureau, and Officer Romero did not file any briefs in connection with this appeal.

2

state criminal proceeding, and that the district court erred in applying the abstention doctrine to this case.

A.

First, Boyd argues that he was denied due process when he was not given fair notice or an opportunity to "rebut and cross examine" the judicially-noticed information regarding his state criminal proceeding. We review a district court's taking of judicial notice for abuse of discretion. See United States v. Marizal, 421 F.2d 836, 837 (5th Cir. 1970).[2]

The Federal Rules of Evidence allow a court to judicially notice a fact on its own and "at any stage of the proceeding." Fed. R. Evid. 201(c)–(d). However, "[i]f the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). As we have explained, "[w]here the court does take such judicial notice on its own motion, a party is entitled to be heard on the matter if he so requests." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) (quotation marks and citations omitted).

Here, the magistrate judge issued a Report and Recommendation referencing "[t]he online docket for the State Court of Richmond County[, which] reflects that

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

the criminal proceeding for [Boyd's] citation is ongoing and that the court has issued a misdemeanor bench warrant for [Boyd]." Then, "[t]he Court [took] judicial notice of these facts." Boyd objected to the Report and Recommendation, arguing that the magistrate judge violated his due process rights by referring to an "unsubstantiated" online docket, and by taking judicial notice of information from a court that Boyd "has never heard of or heard from." The district judge rejected Boyd's arguments, adopted the Report and Recommendation, and dismissed the case without prejudice. The district judge addressed Boyd's "complain[t] that the Magistrate Judge did not identify the source of the information concerning the status of his state criminal case," by providing a website address for "the publicly available information concerning [Boyd's] ongoing criminal case."

The record is clear that the district court considered and dismissed Boyd's objections before taking judicial notice of the state court proceeding. The record also shows that Boyd did not request a hearing on this issue.[3] "Absent a request under Rule 201(e) for a hearing before the district court, the fact that the court took judicial notice of a fact or the tenor of the notice taken is not grounds for later appeal." Norman, 836 F.2d at 1304. Thus, the district court did not abuse its discretion in taking judicial notice of Boyd's ongoing state proceeding.

---

[3] While we liberally construe pro se briefs and pleadings, Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008), there is nothing in the record that we might liberally interpret as a request made to the district court for a hearing.

B.

Second, Boyd contends that the district court misapplied the <u>Younger</u> abstention doctrine to the facts of this case.  "We review an abstention decision only for an abuse of discretion."  <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1274 (11th Cir. 2003).

The question of whether a federal court should abstain from interfering with a state judicial proceeding "is threefold: first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."  <u>Id.</u> (quotation marks and alterations omitted).

First, the Georgia proceeding is an ongoing state judicial proceeding.  Boyd was charged with a misdemeanor offense on April 11, 2011, and a bench warrant was issued for him on August 30, 2011.  Boyd waited until March 27, 2012 to file his complaint in federal court.  The state court judicial proceeding against Boyd is ongoing.  <u>Cf.</u> <u>Steffel v. Thompson</u>, 415 U.S. 452, 462, 94 S. Ct. 1209, 1217 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system . . . .").

The first factor also "requires that the federal proceeding interfere with the state proceeding."  <u>31 Foster Children</u>, 329 F.3d at 1275.  "In order to decide

5

whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." Id. at 1276. The requested relief "need not directly interfere with an ongoing proceeding"; abstention is required even when the federal proceeding will indirectly interfere with the state proceeding. Id. Here Boyd seeks, among other things, a finding that his constitutional rights were violated during his traffic stop. A finding that the traffic stop was unconstitutional would interfere with the state court's adjudication of the validity of the traffic citation. Thus, the federal proceeding would interfere with the state proceeding.

Second, the proceeding implicates an important state interest. In Younger, the Supreme Court explained that absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. 401 U.S. at 45, 91 S. Ct. at 751. Here, the state is criminally prosecuting Boyd for a misdemeanor traffic violation. The state has an important interest in prosecuting this type of criminal offense.

Third, Boyd did not establish that the state proceeding would fail to provide an adequate remedy for his federal claims. See 31 Foster Children, 329 F.3d at 1279. "Minimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521

6

(1982) (emphasis omitted).  Nothing in the record suggests that Boyd will not have an opportunity to raise his constitutional claims in state court.[4]  Thus, the state proceeding will provide an adequate remedy for Boyd's federal claims.

Boyd's state criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity for Boyd to raise constitutional challenges.  Thus, the district court did not abuse its discretion in dismissing Boyd's complaint on abstention grounds.  The district court's dismissal is **AFFIRMED**.

---

[4] Boyd argues that he will suffer an irreparable injury if his claims are litigated in state court. However, it does not "appear from the record that [Boyd has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." Younger, 401 U.S. at 47, 91 S. Ct. at 752 (quotation marks omitted).  Although Boyd argues that he will suffer the injury of delay in the state court proceeding, which will impact his ability to present time-sensitive witnesses, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Id. at 46, 91 S. Ct. at 751.

7