[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15705

_____

D.C. Docket No. 2:16-cv-14259-RLR

ROLANDO GUS PAEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2019)

Before TJOFLAT, MARTIN, and TRAXLER,* Circuit Judges.

MARTIN, Circuit Judge:

This case involves a state inmate who filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus that looks to be untimely. It thus presents the question of whether in this circumstance a district court may, on its own initiative and without hearing from the State, decide that the statute of limitations bars the petition. This District Court did just that, and dismissed the petition filed by Ronaldo Paez without ordering a response from the Secretary of the Florida Department of Corrections.

After oral argument and careful consideration, we conclude this was error. When a § 2254 petition states a legally sufficient claim for relief, a district court must order the State to respond, even if the petition appears untimely. This response need not be an answer on the merits. It may take whatever form the district court deems appropriate, including a motion to dismiss on timeliness grounds. But while district courts have discretion to direct various types of responses, they are without discretion to dispense with any response altogether.

Since this District Court ordered no State response to Mr. Paez's petition before dismissing it, we vacate that dismissal and remand for further proceedings

---

* Honorable William B. Traxler, Jr., United States Circuit Judge for the Fourth Circuit, sitting by designation.

2

consistent with this opinion.  Our ruling does not prejudice the ability of the Secretary to question the timeliness of Mr. Paez's petition on remand.

## I.

In 2004, Mr. Paez pled no contest to second degree murder and two cocaine charges in St. Lucie County (Florida) Circuit Court.  The state court sentenced him to four years imprisonment followed by two years of "community control."  In 2010, while still on community control, Mr. Paez was arrested for violating the terms of his supervised release.  In response, the state court revoked his community control and sentenced him to 25 years on the murder charge and 15 years on the cocaine charges, all to run concurrently.

After years of state postconviction litigation over the sentences imposed for his violation of community control, in 2016 Mr. Paez filed a § 2254 petition asserting three claims.  First, he said the state court lacked jurisdiction to sentence him for the violation of his community control.  Second, he said his sentence for community control violation in turn violated his double jeopardy rights.  And third, he argued he is actually innocent of the crimes charged.  Mr. Paez's petition also set forth some of the relevant dates his state postconviction motions were filed and decided.  No attorney appeared on behalf of the Secretary of the Florida Department of Corrections, who has custody of Mr. Paez.  An email address belonging to the Florida Attorney General does appear on the docket, and some

filings are marked as having been sent to this address.  However, the Florida Attorney General never filed anything in the case.

Mr. Paez's petition was assigned to a magistrate judge.  Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts required the magistrate judge to do a preliminary assessment of Mr. Paez's petition and dismiss "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  After conducting this review, the magistrate judge took it upon himself to calculate the timeliness of Mr. Paez's petition.

A § 2254 petition must be filed within a year of, as relevant here, the date the challenged conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled while properly filed state postconviction motions are pending.  Id. § 2244(d)(2).  The magistrate judge took judicial notice of the filing dates of Mr. Paez's postconviction motions and the dates of orders resolving those motions, as reflected in state court docket entries for Mr. Paez's criminal cases.  These docket sheets were available online but never made a part of the record.

The dates Mr. Paez gave in his petition together with those reflected on the electronic dockets made it appear that his petition was untimely.  Based on those dates, the magistrate judge recommended sua sponte dismissing Mr. Paez's petition under Rule 4 without ordering the Secretary to respond.  The District Court adopted the Report and Recommendation over Mr. Paez's objections.

4

This appeal followed.  Our Court granted Mr. Paez a certificate of appealability on the issue of whether the District Court erred in dismissing the petition as untimely.  Because Mr. Paez was proceeding pro se, the Court appointed Joseph A. DiRuzzo, III, to represent him on appeal.  We appreciate Mr. DiRuzzo's diligent representation of Mr. Paez and his service to the Court.

## II.

This case presents two distinct issues.  The first is whether the District Court could properly take judicial notice of the online state court dockets in Mr. Paez's criminal cases.  The second is whether it was error to dismiss Mr. Paez's petition as untimely without ordering the Secretary to respond.  We review a district court's decision to take judicial notice of a fact for abuse of discretion.  Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1273 (11th Cir. 2014).  We also review a district court's decision to sua sponte raise the statute of limitations for abuse of discretion.  Day v. McDonough, 547 U.S. 198, 202, 126 S. Ct. 1675, 1679–80 (2006).  Our review leads us to conclude the District Court was within its discretion to take notice of the state court dockets but went beyond its discretion when it sua sponte dismissed the petition without ordering a response from the Secretary.

### A.

Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily

5

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). State court records of an inmate's postconviction proceedings generally satisfy this standard. See Cunningham v. Dist. Att'y's Office, 592 F.3d 1237, 1255 (11th Cir. 2010); Moore v. Estelle, 526 F.2d 690, 694 (5th Cir. 1976) ("[W]e take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction. This includes state petitions, even when the prior case is not made part of the record on appeal . . . ." (citations omitted))[1]; see also Porter v. Ollison, 620 F.3d 952, 954–55 (9th Cir. 2010) (noticing "any state court dockets or pleadings that have been located (including on the Internet) and for which it is proper to take judicial notice").

The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts under Rule 201. The dockets can be found on the website for the Clerk of the St. Lucie County Circuit Court, who is the public officer responsible for maintaining records of the St. Lucie County Circuit Court.[2] See Fla. Const. art. VIII, § 1(d). The dockets reflect the dates of proceedings in

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

[2] The docket entries can be found at: https://courtcasesearch.stlucieclerk.com/BenchmarkWebExternal/Home.aspx/Search. Mr. Paez's case numbers are 56-2003-CF2667B and 56-2003-CF2934A. We were able to access the docket sheets using these case numbers with no trouble.

Mr. Paez's cases, from first appearance through to the Florida appellate courts'

resolution of his postconviction motions.  The docket entries also have links to

electronic versions of many of Mr. Paez's filings, as well as to many state trial and

appellate court orders on Mr. Paez's postconviction motions.  We have no reason

to think these docket entries do not accurately reflect the dates in Mr. Paez's cases.

The District Court could properly notice the state court docket sheets in these

circumstances.[3]

However, we caution that "the taking of judicial notice of facts is, as a

matter of evidence law, a highly limited process.  The reason for this caution is that

the taking of judicial notice bypasses the safeguards which are involved with the

usual process of proving facts by competent evidence in district court."  Shahar v.

Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc).  "In order to

fulfill these safeguards, a party is entitled to an opportunity to be heard as to the

propriety of taking judicial notice."  Dippin' Dots, Inc. v. Frosty Bites Distrib.,

LLC, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and

alteration adopted).  Rule 201 does not require courts to warn parties before taking

---

[3] This ruling is consistent with non-binding opinions from prior panels of this Court.  See Boyd v. Georgia, 512 F. App'x 915, 917 (11th Cir. 2013) (per curiam) (unpublished); United States v. Brown, 526 F.3d 691, 711–13 (11th Cir. 2008), vacated on other grounds, 556 U.S. 1150, 129 S. Ct. 1668 (2009); United States v. Ayuso, 272 F. App'x 833, 835–36 (11th Cir. 2008) (per curiam) (unpublished).

judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice.  Fed. R. Evid. 201(e).

These safeguards have particular importance in the context of determining the timeliness of § 2254 petitions.  We know that online state court dockets may not always reflect the correct filing date for purposes of calculating the statute of limitations.  For example, Florida and this Court both follow the "mailbox rule," which deems inmate papers filed the date of mailing or, absent an indication of the mailing date, the day the inmate signed them.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam); Haag v. State, 591 So. 2d 614, 617 (Fla. 1992); Waters v. Dep't of Corr., 144 So. 3d 613, 617 (Fla. 1st DCA 2014).  And by its nature, the docket will show the date a pleading was docketed rather than the date it was mailed or signed.  On top of that, inmates may not have ready access to their legal papers, leaving them unable to dispute the accuracy of any docket entry.  Neither may they have access to an Internet connection.  This would make disputing or even reviewing an online docket entry impossible where, as happened here, a district court fails to make the docket sheets part of the record. We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.  Cf. Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1076–77 (11th

8

Cir. 2014) (holding the State must serve all documents referenced in an answer to a § 2254 petition on the petitioner).

While we urge caution, we conclude proper safeguards were followed in this case. Mr. Paez had an opportunity to object to the Report and Recommendation after the magistrate judge took judicial notice of the dates from his state court dockets. Mr. Paez did not ask to be heard. See Fed. R. Evid. 201(e) (requiring a hearing where the party requests one). Neither did he dispute the accuracy of the docket entries the magistrate judge relied upon. Finally, Mr. Paez gave no indication he lacked the ability to dispute the docket sheets—because of, say, his lack of an Internet connection. The docket entries here were properly noticed, and the procedure followed gave Mr. Paez an opportunity to ask to be heard on the propriety of judicial notice. Thus, we see no abuse of discretion.

## B.

Having concluded the docket entries relied upon by the District Court were properly noticed, we now turn to the second issue. That is, whether the District Court erred in dismissing sua sponte Mr. Paez's § 2254 petition without ordering the Secretary to respond. We hold the District Court abused its discretion when it dismissed Mr. Paez's petition in that way. Before dismissing Mr. Paez's petition on its own initiative, the District Court was required by Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts and by

9

the Supreme Court's holding in Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675 (2006), to order the Secretary to respond in some form to Mr. Paez's petition. This would allow the Secretary to either assert or waive the State's timeliness defense.

Rule 4 requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This preliminary review calls on the district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief. See Rules Governing § 2254 Cases, R. 4 advisory committee's note ("[I]t is the duty of the court to screen out frivolous applications."). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Id.

To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief. See Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4). If a petition does not set forth a sufficient factual basis for habeas relief, the petition is "legally insufficient on its face," and the district court must dismiss it. McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994). Dismissal under Rule 4 represents "a judgment that the

10

claims presented are nonmeritorious" based on the facts alleged. Borden, 646 F.3d at 812.

Rule 4 does not, however, permit district courts to sua sponte dismiss § 2254 petitions based on non-jurisdictional procedural bars to habeas relief at this stage of preliminary review. See Borden, 646 F.3d at 812; see also Granberry v. Greer, 481 U.S. 129, 135 n.7, 107 S. Ct. 1671, 1675 n.7 (1987) (noting that dismissal under Rule 4 "pretermits consideration of the issue of nonexhaustion," a non-jurisdictional procedural bar to habeas relief). Dismissal based on a procedural bar to relief does not represent a judgment that the asserted claims lack merit. Rather, it means the petitioner has run up against one of the hurdles found in the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-32, 110 Stat. 1214 (1996). These hurdles can include untimeliness or nonexhaustion. And these are not the proper subject of Rule 4 dismissal because they do not go to the merits of the petition.

What's more, we cannot imagine how it could "plainly appear from the petition that the petitioner is not entitled to relief" on non-jurisdictional procedural grounds, as required for Rule 4 dismissal. A State may waive these defenses. See In re Jackson, 826 F.3d 1343, 1348 (11th Cir. 2016) (per curiam) (noting that the government may waive the statute of limitations). And a district court cannot know from the face of the petition whether a State will choose to waive its

defenses.  Thus, the District Court went beyond the Rule 4 preliminary assessment of the sufficiency of a § 2254 petition when it dismissed Mr. Paez's petition based on timeliness.

Beyond this, Rule 4 required the District Court to order a response to Mr. Paez's petition.  The Rule's text could not be plainer: "If the petition is not dismissed" as nonmeritorious, Rule 4 says "the judge <u>must</u> order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rules Governing § 2254 Cases, Rule 4 (emphasis added).  The Rule gives district courts "flexibility" to order something other than an answer, such as a motion to dismiss where the petition appears untimely or unexhausted on its face, where the case warrants it.  <u>Id.</u> R. 4 comm. n.  But Rule 4 does not leave district courts any room to dispense altogether with a response of some form once a petition is not dismissed as nonmeritorious.

The dissenting opinion disagrees with our reading, saying Rule 4's text does not limit summary dismissal to meritless petitions.  Dissenting Op. at 2–3.  But we do not read the dissenting opinion to engage with <u>Borden</u> or <u>Granberry</u>, both of which describe Rule 4 dismissal as a merits determination.  Neither does the opinion explain how a deficiency like untimeliness could ever be apparent from the face of a petition when the State can waive it.  In our view, the State's position on a petition's timeliness will never appear in the petition or any attached exhibits,

12

and these are the only materials the Rule contemplates district courts consulting as part of its preliminary review. See Rules Governing § 2254 Cases, R. 4.

The dissenting opinion also suggests we can infer the Secretary's desire to assert the statute of limitations from his silence in the face of Mr. Paez's petition. Dissenting Op. at 7. But the Secretary's silence does not come from the petition or any attached exhibits either, so considering it takes us beyond the review that Rule 4 sets out. If we go so as far as to attribute meaning to silence, then surely Rule 4's requirement that the district court order the respondent to take some action would kick in. In any event, this record contains no evidence about who monitors the email address listed on the docket or whether anyone from the Florida Attorney General's office reviewed Mr. Paez's petition. We have no confidence that this record supports an inference that the statute of limitations has been invoked in these circumstances.[4]

Our holding is consistent with the Supreme Court's recognition in Day "that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." 547 U.S. at 209, 126 S. Ct. at 1684; see also Jackson v. Sec'y, Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (per

---

[4] Judge Traxler's point that "the State has never indicated a desire to waive the limitations bar" is well taken. Dissenting Op. at 7. But neither did the State indicate a desire to assert it in the District Court. This is why we made clear above and do so again here that the Secretary may assert the untimeliness of Mr. Paez's petition on remand.

13

curiam).  In Day, a State incorrectly conceded a § 2254 petition's timeliness due to a miscalculation of the statute of limitations.  547 U.S. at 203, 126 S. Ct. at 1680. A magistrate judge noticed the error, raised it sua sponte, and recommended dismissing the petition as untimely, which the district court subsequently did.  Id. at 204, 126 S. Ct. at 1680–81.  The Supreme Court affirmed, considering it within the court's discretion to raise the time bar sua sponte when the State makes an "inadvertent error," for example, "a miscalculation [of the statute of limitations] that was plain under Circuit precedent."  Id. at 211, 126 S. Ct. at 1685.

But at the same time it recognized a district court's discretion to raise timeliness sua sponte, the Day Court also recognized that this discretion has limits. Before a district court may "act[] on its own initiative," Day holds the district court "must accord the parties fair notice and an opportunity to present their positions." Id. at 210, 126 S. Ct. at 1684.  The District Court failed to honor that limitation here.

This limitation tracks Rule 4's requirements.  Day confirms that a court must seek the parties' position on timeliness before dismissing a § 2254 petition on that ground.  Id. at 210.  Day's ruling on this point is in keeping with the usual practice that litigants, not courts, advance claims and defenses.  As the Supreme Court explained in a post-Day case, "a federal court does not have carte blanche to depart from the principle of party presentation basic to our adversary system." Wood v.

Milyard, 566 U.S. 463, 472, 132 S. Ct. 1826, 1833 (2012).  Indeed, in Wood, the Supreme Court ruled the Tenth Circuit abused its discretion by dismissing a habeas petition on timeliness grounds that the State deliberately and intelligently waived. Id. at 466, 132 S. Ct. at 1830; see also Burgess v. United States, 874 F.3d 1292, 1298 (11th Cir. 2017) ("[A] court may not override a State's deliberate waiver" of timeliness. (quotation marks omitted)).  Just as the District Court here would have abused its discretion if it overrode the Secretary's choice to waive timeliness, it abused its discretion by asserting the defense on the Secretary's behalf without knowing the Secretary's position.  Both approaches depart equally from the principle of party representation.

The dissenting opinion says Day does not control.  Dissenting Op. at 4.  We certainly agree that Day does not answer the precise question before us.  We simply observe that our opinion is consistent with the principles set forth in Day, so we believe we have the better reading of Rule 4.

In short, Rule 4 and Day make no allowance for a district court to dismiss a § 2254 petition on timeliness grounds without first ordering the State to respond in some way, though district courts have broad discretion to choose the form of the response.  The District Court abused its discretion here when it dismissed the petition without ordering any response from the Secretary.

### III.

The District Court went beyond what Rule 4 and <u>Day</u> allow—and thus abused its discretion—when it dismissed Mr. Paez's petition without ordering the Secretary to respond in some form.  We therefore **VACATE** the dismissal of Mr. Paez's habeas petition and **REMAND** for further proceedings consistent with this opinion.  On remand, the District Court must order the Secretary to respond to Mr. Paez's petition.  We express no view on the form that response should take, nor about the timeliness of Mr. Paez's petition.  And we reiterate that nothing precludes the Secretary from raising the statute of limitations as a defense to Mr. Paez's petition.

TRAXLER, Circuit Judge, concurring in part and dissenting in part:

I concur in Section II.A. of the majority's opinion. I agree that the district court properly took judicial notice of the online state court dockets to determine the timeliness of Mr. Paez's petition for habeas relief under 28 U.S.C. § 2254. I also agree that the best practice would be for the magistrate judge to attach copies of the records that were relied upon in making the report and recommendation. With respect, however, I dissent from the majority's holding that the district court abused its discretion in dismissing Mr. Paez's § 2254 petition as untimely without first determining whether the claims were meritorious and then requiring the State to affirmatively respond on the timeliness issue.

Through 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Proceedings, Congress made clear that § 2254 petitions should be expeditiously evaluated by district courts and summarily dismissed without requiring a response by the state when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4. If so, "the judge must dismiss the petition and direct the clerk to notify the petitioner" of the summary action. Id. If not, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. Copies of the petition and any order are

17

served "on the respondent and on the attorney general or other appropriate officer of the state involved."  Id.

Mr. Paez initiated his § 2254 petition by completing the standard form habeas petition (Form AO 251 (Rev. 01/15)). The Form instructs the petitioner that, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."  Doc. 1: 14.  Mr. Paez answered simply, and without explanation, that "[t]he present petition is timely filed."  Id.  The Criminal Appeals Division of the Florida Attorney General was designated for notifications of action by electronic mail and, as is not uncommon, the petition was immediately assigned to a magistrate judge to conduct the preliminary review under Rule 4.  The magistrate judge reviewed the § 2254 petition, took judicial notice of the state court docket, and determined that the petition was filed beyond the one-year limitations period established by Congress in 28 U.S.C. § 2244(d)(1)-(2).  Accordingly, a report and recommendation was prepared for the district court, recommending summary dismissal after outlining the pertinent dates which demonstrated the untimeliness of the petition.  Mr. Paez was provided with a copy of the report and recommendation. The magistrate judge's action was also docketed, and the docket entry likewise reflected the summary recommendation "that this petition for writ of habeas corpus be summarily dismissed with prejudice as time-barred pursuant to . . . § 2244(d)(1)-

18

(2)." DS: 4. Mr. Paez filed objections to the report and recommendation, but he did not contest the dates of his state court proceedings relied on by the magistrate judge to show untimeliness, nor did he indicate any inability to verify the information in the state docket sheets. The district court agreed with the magistrate judge's recommendation and dismissed the petition.

In my opinion, Mr. Paez was provided all the required notice and opportunity to be heard on the issue of timeliness, and neither Rule 4 nor the Supreme Court's decision in Day v. McDonough, 547 U.S. 198 (2006), required the district court to consider the merits of the claims first, or to obtain a response from the State before dismissing the petition as plainly insufficient.

First, Rule 4 does not textually restrict summary dismissals to merits-based deficiencies. As noted above, the district court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4; see also Kilgore v. Attorney Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008) (A petition may be dismissed under Rule 4 for untimeliness if it is "clear from the face of the petition itself."). If such a deficiency is not apparent at the initial screening stage, the district court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rules Governing § 2254 Cases, R. 4. This latter directive "afford[s] the judge flexibility

19

in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by the respondent, which may show" a procedural deficiency and, thereby, "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Rules Governing § 2254 Cases, R. 4 comm. n.; see also Day, 547 U.S. at 207 & n.6. In my view, this flexibility to order a limited response based upon additional information furnished by the respondent does not detract from the purpose of Rule 4. The district judge must still summarily dismiss the petition if it is apparent from the face of the petition, its exhibits, and any dates of which the court properly takes judicial notice, that the petition is untimely. So long as the petitioner has had notice and an opportunity to respond to the procedural deficiency, the judge must dismiss the petition and may do so without first examining the substantive merits of the claims.

Nor, in my view, does the Supreme Court's decision in Day require the judge to order the State to respond to the timeliness issue, and either affirmatively assert or waive the defense, before the court dismisses the action at the Rule 4 screening stage. The pertinent question in Day was "whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, [if] the State has answered the petition without contesting its timeliness," 547 U.S. at 202, or has

20

erroneously conceded the timeliness issue, see id. at 205.  This quite different posture raised questions as to whether the State meant to waive its limitations defense, or merely overlooked it; whether the petitioner would be "significantly prejudiced by the delayed focus on the limitation issue"; and whether the "interests of justice would be better served by addressing the merits or by dismissing the petition as time barred."  Id. at 210 (internal quotation marks omitted).  As the Court explained, the threshold barriers to habeas relief (the limitations defense, exhaustion of state remedies, procedural default, and nonretroactivity) "implicate values beyond the concerns of the parties," such as "judicial efficiency and conservation of judicial resources, safeguard[ing] the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lend[ing] finality to state court judgments within a reasonable time."  Id. at 205-06 (internal quotation marks and alteration omitted).  Rather than adopt "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run, or, at the opposite extreme, a rule treating the State's failure initially to plead the one-year bar as an absolute waiver," the Court adopted an "intermediate approach" that allows, but does not require, the court to sua sponte raise the statute of limitations bar, id. at 208, provided the court also considers the additional concerns that are present when the state has forfeited the defense by failing to raise it in its answer.  In sum, "Day create[d] an exception to the general rule of forfeiture, and thus allows a court to consider

21

untimeliness when the state has failed to plead this defense." Kilgore, 519 F.3d at 1089.

This case involves the quite different question of whether the district court may dismiss a habeas petition as plainly insufficient at the Rule 4 screening stage of the § 2254 proceedings, before the government had filed a response at all and after the petitioner was provided with notice of the statute of limitations and the recommendation that the petition should be dismissed on that basis. See Kilgore, 519 F.3d at 1089 (observing that "Day does not determine . . . whether a district court may, on its own initiative, dismiss an application as untimely before the state responds"). As noted above, I believe that it can, so long as (1) it is clear from the face of the petition, attached exhibits, and judicially noticeable facts, that the petition is untimely, and (2) the petitioner is given notice and an opportunity to dispute the untimeliness of the petition.[1]

Here, Mr. Paez was provided ample notice and opportunity to explain why his petition was timely in his Form petition and again when he was given the opportunity to respond to the magistrate judge's report and recommendation that the petition be

---

[1] Day appears to contemplate this interpretation of the Rule as well. Petitioner Day argued that the district court lost authority to sua sponte raise AEDPA's time bar once an answer has been ordered and filed by the State. "Were we to accept Day's position," the Court noted, "courts would never (or, at least, hardly ever) be positioned to raise AEDPA's time bar sua sponte," because "information essential to the time calculation is often absent . . . until the State has filed, along with its answer, copies of documents from the state-court proceedings." Day v. McDonough, 547 U.S. 198, 207 n.6 (2006). Here, that information was available at the initial screening stage, requiring no response from the State.

22

summarily dismissed as untimely.  Moreover, the Attorney General was notified of the court's action, had an opportunity to respond (including an opportunity to inform the district court of any intention to waive the timeliness defense), and remained silent.  And to this day, no one contests that the petition was untimely, and the State has never indicated a desire to waive the limitations bar.

For these reasons, I see no abuse of discretion by the district court under Rule 4 or the Supreme Court's decision in Day.  Mr. Paez was given "due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition," and "nothing in the record suggests that the State 'strategically' withheld the defense or chose to relinquish it."  Day, 547 U.S. at 210-11.  In my view, all parties' rights were accommodated under 28 U.S.C. § 2243, Rule 4, and Day, and the system worked just as Congress intended.