[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11095
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-62447-FAM


EDDIE MONTERO,

                                                    Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 26, 2019)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Eddie Montero, a Florida prisoner proceeding *pro se*, appeals the dismissal of

his 28 U.S.C. § 2254 petition challenging his conviction and sentence. For the following reasons, we reverse and remand for further proceedings.

On December 12, 2017, Mr. Montero filed his § 2254 petition. On December 27, 2017, the magistrate judge entered a report recommending that the petition be dismissed *sua sponte*. The magistrate judge had reviewed Mr. Montero's state court docket and taken judicial notice of the records therein. Based on the procedural history established by those records, the magistrate judge concluded that Mr. Montero's petition was untimely. Mr. Montero filed objections to the report on February 5, 2018, arguing that the report had not used the dates of relevant events to calculate the timeliness of his petition. Without requiring a response from the state, the district court overruled Mr. Montero's objections, adopted the magistrate judge's report, and *sua sponte* dismissed the petition on February 16, 2018. The district court also declined to issue a certificate of appealability.

Mr. Montero timely appealed, seeking a COA and *in forma pauperis* status. We granted a COA as to the following issue:

> Whether the district court erred in *sua sponte* determining that [Mr.] Montero's 28 U.S.C. § 2254 petition was time-barred without reviewing the complete, official state court record?

In a recent decision, we addressed whether a district court could "on its own initiative and without hearing from the State, decide that the statute of limitations bars the petition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304, 1305 (11th Cir.

2

2019).  We answered in the negative, explaining that "[w]hen a § 2254 petition states a legally sufficient claim for relief, a district court must order the State to respond, even if the petition appears untimely." *Id.*  District courts, though they may be free to direct specific types of responses, "are without discretion to dispense with any response altogether." *Id.*

Based on *Paez*, we reverse the dismissal of Mr. Montero's habeas petition. Our ruling does not prevent the state from raising timeliness issues in a responsive filing.  It merely prevents the district court from expanding the scope of Rule 4 of the Rules Governing Section 2254 Proceedings to summarily dismiss petitions which are facially sufficient.  *See generally id.*

Given *Paez*, we conclude that the district court acted within its discretion in taking judicial notice of Mr. Montero's state court docket but erred in *sua sponte* dismissing the petition without obtaining a response from the state.  Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with *Paez*.

**REVERSED AND REMANDED.**