[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15753
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cv-81108-WPD

TELLY KAVANTZAS,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 14, 2020)

Before GRANT, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Telly Kavantzas, a Florida prisoner, appeals the district court's sua sponte

dismissal of his 28 U.S.C. § 2254 petition.  He argues that: (1) the district court erred

in dismissing his petition as untimely by taking judicial notice of his state court

criminal proceedings and post-conviction filings and by not first requiring a response from the state; and (2) the district court erred in its alternative sua sponte denial of his petition, which determined that Grounds One and Two of his petition were unexhausted and Grounds Three and Four failed on the merits, without requiring the state to respond.  After careful review, we affirm.

We review for abuse of discretion a district court's decision to take judicial notice of a fact and its decision to sua sponte raise the statute of limitations.  Paez v. Sec'y, Fla. Dep't of Corr., 2020 WL 63290 at *2, __ F.3d __ (11th Cir. Jan. 7, 2020). Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201(b).  "State court records of an inmate's postconviction proceedings generally satisfy this standard."  Paez, 2020 WL 63290 at *2.  Taking judicial notice of facts is, however, a "highly limited process" that must be done with caution because it bypasses safeguards provided by presenting facts through evidence.  Id. at *3.  In the context of determining the timeliness of § 2254 petitions, we've recommended that the district court include copies of any judicially noticed records as part of the order relying on them.  Id.

Habeas Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rules Governing § 2254 Cases, Rule 4.  In these

instances, the petition is legally insufficient on its face, the district court must dismiss it, and can do so without ordering the state to respond. Id.

In our now-vacated decision in Paez v. Sec'y, Fla. Dep't of Corr., 931 F.3d 1304, opinion vacated by 944 F.3d 1327 (11th Cir. 2019), we determined that dates from online state court dockets were judicially noticeable facts under Rule 201 and that proper safeguards had been followed because the petitioner had an opportunity to be heard after the court took judicial notice. Id. at 1307. We held, therefore, that the district court had not abused its discretion by taking judicial notice of the docket entries. Id. We further held, however, that the district court had abused its discretion when it dismissed the petition as untimely without ordering any response from the state. Id. at 1311. But after vacating that opinion, we replaced it with a new one. In the new opinion, we affirmed the district court decision in its entirety, holding that the district court could both (1) take judicial notice of the state court docket, and (2) sua sponte dismiss the petition as untimely without ordering the state to respond. Paez, 2020 WL 63290 at *2-*5.

In this case, as in Paez, the district court did not abuse its discretion by taking judicial notice of Kavantzas' electronic state court dockets. Although courts should use caution in this respect, the district court here followed the proper procedural safeguards -- the magistrate judge made the electronic dockets on which he relied part of the record, and Kavantzas never alleged that he did not receive those dockets.

3

See id. at *3.  Moreover, before the present appeal, Kavantzas did not object, dispute the accuracy of the dockets or the dates the magistrate judge used, or otherwise ask to be heard on the issue of judicial notice.  Accordingly, the district court did not abuse its discretion in taking judicial notice of the electronic state court dockets.  See id.

Nor did the district court abuse its discretion by sua sponte dismissing Kavantzas' § 2254 petition as untimely without requiring a response from the state.  Under Rule 4, the district court could sua sponte dismiss Kavantzas's petition for a procedural bar, like untimeliness, because he would not be entitled to relief if his petition was untimely.  See id. at *4.  Kavantzas was provided notice and an opportunity to argue the timeliness of his petition in his form petition and after the magistrate judge's Report and Recommendation was issued.  See id. at *5.  Similarly, the state was notified of both the Report and Recommendation and the district court's adoption of it, which meant that the state could have indicated its intent to assert or waive its timeliness defense.  See id.  Accordingly, we affirm the district court's dismissal of the petition for untimeliness, and need not address the district court's dismissal in the alternative.[1]

**AFFIRMED**.

---

[1] In addition, we DENY the parties' joint motion to stay further proceedings pending the issuance of the mandate in Paez.