[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15705

_____

D.C. Docket No. 2:16-cv-14259-RLR

ROLANDO GUS PAEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2020)

Before MARTIN, TJOFLAT, and TRAXLER,* Circuit Judges.

PER CURIAM:

_____

* Honorable William B. Traxler, Jr., United States Circuit Judge for the Fourth Circuit,
sitting by designation.

We publish this opinion in place of our July 31, 2019 opinion, which was vacated by order of the Court on December 23, 2019.

Rolando Gus Paez is a state inmate who filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus that looks to be untimely.  His case presents the question of whether in this circumstance a district court may, on its own initiative and without hearing from the State, decide that the statute of limitations bars the petition.  This District Court did just that, and dismissed the petition filed by Mr. Paez without ordering a response from the Secretary of the Florida Department of Corrections.

After oral argument and careful consideration, we affirm the District Court.

**I.**

In 2004, Mr. Paez pled no contest to second degree murder and two cocaine charges in St. Lucie County (Florida) Circuit Court.  The state court sentenced him to four years imprisonment followed by two years of "community control."  In 2010, while still on community control, Mr. Paez was arrested for violating the terms of his supervised release.  In response, the state court revoked his community control and sentenced him to 25 years on the murder charge and 15 years on the cocaine charges, all to run concurrently.

After years of state postconviction litigation over the sentences imposed for his violation of community control, in 2016 Mr. Paez filed a § 2254 petition

2

asserting three claims.  First, he said the state court lacked jurisdiction to sentence him for the violation of his community control.  Second, he said his sentence for community control violation in turn violated his double jeopardy rights.  And third, he argued he is actually innocent of the crimes charged.  Mr. Paez's petition also set forth some of the relevant dates his state postconviction motions were filed and decided.  No attorney appeared on behalf of the Secretary of the Florida Department of Corrections, who has custody of Mr. Paez.  An email address belonging to the Florida Attorney General does appear on the docket, and some filings are marked as having been sent to this address.  However, the Florida Attorney General never filed anything in the case.

Mr. Paez's petition was assigned to a magistrate judge.  Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts required the magistrate judge to do a preliminary assessment of Mr. Paez's petition and dismiss "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  After conducting this review, the magistrate judge took it upon himself to calculate the timeliness of Mr. Paez's petition.

A § 2254 petition must be filed within a year of, as relevant here, the date the challenged conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled while properly filed state postconviction motions are pending.  Id. § 2244(d)(2).  The magistrate judge took judicial notice of the filing

3

dates of Mr. Paez's postconviction motions and the dates of orders resolving those motions, as reflected in state court docket entries for Mr. Paez's criminal cases. These docket sheets were available online but never made a part of the record.

The dates Mr. Paez gave in his petition together with those reflected on the electronic dockets made it appear that his petition was untimely. Based on those dates, the magistrate judge recommended sua sponte dismissing Mr. Paez's petition under Rule 4 without ordering the Secretary to respond. The District Court adopted the Report and Recommendation over Mr. Paez's objections.

This appeal followed. Our Court granted Mr. Paez a certificate of appealability on the issue of whether the District Court erred in dismissing the petition as untimely. Because Mr. Paez was proceeding pro se, the Court appointed Joseph A. DiRuzzo, III, to represent him on appeal. We appreciate Mr. DiRuzzo's diligent representation of Mr. Paez and his service to the Court.

## II.

This case presents two distinct issues. The first is whether the District Court could properly take judicial notice of the online state court dockets in Mr. Paez's criminal cases. The second is whether it was error to dismiss Mr. Paez's petition as untimely without ordering the Secretary to respond. We review a district court's decision to take judicial notice of a fact for abuse of discretion. Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1273 (11th Cir. 2014). We also review a district

4

court's decision to <u>sua sponte</u> raise the statute of limitations for abuse of discretion. <u>Day v. McDonough</u>, 547 U.S. 198, 202, 126 S. Ct. 1675, 1679–80 (2006). Our review leads us to conclude the District Court acted properly when it took notice of the state court dockets as well as when it <u>sua sponte</u> dismissed the petition without ordering a response from the Secretary.

A.

Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). State court records of an inmate's postconviction proceedings generally satisfy this standard. <u>See</u> <u>Cunningham v. Dist. Att'y's Office</u>, 592 F.3d 1237, 1255 (11th Cir. 2010); <u>Moore v. Estelle</u>, 526 F.2d 690, 694 (5th Cir. 1976) ("[W]e take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction. This includes state petitions, even when the prior case is not made part of the record on appeal . . . ." (citations omitted))[1]; <u>see</u> <u>also</u> <u>Porter v. Ollison</u>, 620 F.3d 952, 954–55 (9th Cir. 2010) (noticing "any state

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. <u>Id.</u> at 1209.

5

court dockets or pleadings that have been located (including on the Internet) and for which it is proper to take judicial notice").

The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts under Rule 201. The dockets can be found on the website for the Clerk of the St. Lucie County Circuit Court, who is the public officer responsible for maintaining records of the St. Lucie County Circuit Court.[2] See Fla. Const. art. VIII, § 1(d). The dockets reflect the dates of proceedings in Mr. Paez's cases, from first appearance through to the Florida appellate courts' resolution of his postconviction motions. The docket entries also have links to electronic versions of many of Mr. Paez's filings, as well as to many state trial and appellate court orders on Mr. Paez's postconviction motions. We have no reason to think these docket entries do not accurately reflect the dates in Mr. Paez's cases. The District Court could properly notice the state court docket sheets in these circumstances.[3]

---

[2] The docket entries can be found at: https://courtcasesearch.stlucieclerk.com/. Mr. Paez's case numbers are 56-2003-CF2667B and 56-2003-CF2934A. We were able to access the docket sheets using these case numbers with no trouble.

[3] This ruling is consistent with non-binding opinions from prior panels of this Court. See Boyd v. Georgia, 512 F. App'x 915, 917 (11th Cir. 2013) (per curiam) (unpublished); United States v. Brown, 526 F.3d 691, 711–13 (11th Cir. 2008), vacated on other grounds, 556 U.S. 1150, 129 S. Ct. 1668 (2009); United States v. Ayuso, 272 F. App'x 833, 835–36 (11th Cir. 2008) (per curiam) (unpublished).

6

However, we caution that "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Fed. R. Evid. 201(e).

These safeguards have particular importance in the context of determining the timeliness of § 2254 petitions. We know that online state court dockets may not always reflect the correct filing date for purposes of calculating the statute of limitations. For example, Florida and this Court both follow the "mailbox rule," which deems inmate papers filed the date of mailing or, absent an indication of the mailing date, the day the inmate signed them. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam); Haag v. State, 591 So. 2d 614, 617 (Fla. 1992); Waters v. Dep't of Corr., 144 So. 3d 613, 617 (Fla. 1st DCA 2014). And by its nature, the docket will show the date a pleading was docketed

7

rather than the date it was mailed or signed. On top of that, inmates may not have ready access to their legal papers, leaving them unable to dispute the accuracy of any docket entry. Neither may they have access to an Internet connection. This would make disputing or even reviewing an online docket entry impossible where, as happened here, a district court fails to make the docket sheets part of the record. We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them. Cf. Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1076–77 (11th Cir. 2014) (holding the State must serve all documents referenced in an answer to a § 2254 petition on the petitioner).

While we urge caution, we conclude proper safeguards were followed in this case. Mr. Paez had an opportunity to object to the Report and Recommendation after the magistrate judge took judicial notice of the dates from his state court dockets. Mr. Paez did not ask to be heard. See Fed. R. Evid. 201(e) (requiring a hearing where the party requests one). Neither did he dispute the accuracy of the docket entries the magistrate judge relied upon. Finally, Mr. Paez gave no indication he lacked the ability to dispute the docket sheets—because of, say, his lack of an Internet connection. The docket entries here were properly noticed, and the procedure followed here gave Mr. Paez an opportunity to ask to be heard on the propriety of judicial notice. Thus, we see no abuse of discretion.

8

B.

Having concluded the docket entries relied upon by the District Court were properly noticed, we now turn to the second issue.  That is, whether the District Court erred in sua sponte dismissing Mr. Paez's § 2254 petition without ordering the Secretary to respond.

Rule 4 requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief.  See Rules Governing § 2254 Cases, R. 4 advisory committee notes ("[I]t is the duty of the court to screen out frivolous applications.").  The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Id.

To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief.  See Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4).  If a petition does not set forth a sufficient factual basis for habeas relief, the petition is "legally insufficient on its face," and the district court must dismiss it.  McFarland v. Scott, 512 U.S. 849, 856, 114 S.

9

Ct. 2568, 2572 (1994).  Dismissal under Rule 4 represents "a judgment that the claims presented are nonmeritorious" based on the facts alleged.  Borden, 646 F.3d at 812.

We hold that the District Court did not err by sua sponte dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.  Our conclusion is supported by the text of Rule 4, the Advisory Committee Notes to Rule 4, and Supreme Court precedent.

First, the text of Rule 4 does not restrict summary dismissals to merits-based deficiencies.  As we've already noted, the district court must dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rules Governing § 2254 Cases, R. 4.  Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is "not entitled to relief."  See id.

Our reading of the rule is supported by the Advisory Committee Notes.  In 1976, when the rule was adopted, the Advisory Committee recognized the suggestion "that an answer should be required in every habeas proceeding."  Rules Governing § 2254 Cases, R. 4 advisory committee notes.  The Advisory Committee rejected this idea, saying that district courts have a "duty . . . to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Id.  In support of this broad

interpretation of Rule 4, the Advisory Committee cited <u>Allen v. Perini</u>, 424 F.2d 134 (6th Cir. 1970).  In <u>Allen</u>, the Sixth Circuit held that a district court has the authority to dismiss a "petition sua sponte for failure to exhaust State remedies," even if the State has not responded to the petition and raised that procedural bar to relief.  <u>Id.</u> at 138–39.  As the Sixth Circuit put it, "[if] at any time during the course of a habeas corpus proceeding the District Court finds that the prisoner has not exhausted the remedies available to him in the courts of the State, the petition should be dismissed."  <u>Id.</u>  The <u>Allen</u> court went on to explain that a response from the State is not needed "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself."  <u>Id.</u> at 141.  This description clearly encompasses the case we consider here, where the petition was dismissed for lack of timeliness.

Finally, our interpretation of Rule 4 is aligned with Supreme Court precedent.  In <u>Day</u>, the Supreme Court confronted the question of "whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, [if] the State has answered the petition without contesting its timeliness," 547 U.S. at 202, 126 S. Ct. at 1679, or has erroneously conceded the timeliness issue, <u>see</u> <u>id.</u> at 205, 126 S. Ct. at 1681.  The Supreme Court ruled that a district court may act on its own initiative to dismiss a petition in such a circumstance, provided the court "accord[s] the parties fair notice and an opportunity to present

11

their positions." Id. at 210, 126 S. Ct. at 1684. The Supreme Court rejected the petitioner's countervailing interpretation of Rule 4, in part because it would make it nearly impossible for courts "to raise AEDPA's time bar sua sponte." Id. at 207 n.6, 126 S. Ct. at 1682 n.6. This reasoning applies with even greater force at the Rule 4 stage, where district courts "must" dismiss petitions that plainly present no entitlement to review.

Other Circuits agree that a district court may sua sponte dismiss a § 2254 petition if the petition's untimeliness is "clear from the face of the petition itself." Kilgore v. Att'y Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008); see Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by sua sponte dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)); cf. Shelton v. United States, 800 F.3d 292, 295 (6th Cir. 2015) (holding that the district court erred by sua sponte dismissing habeas petition on timeliness grounds because the petitioner did not have an "opportunity to challenge the arguments that the district court invoked in finding the motion untimely"). And our pre-Day precedent does not suggest otherwise. See Jackson v. Sec'y for Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (per curiam) (holding that, "even though the statute of limitations is an affirmative defense, the district court may review sua sponte the timeliness of the section 2254 petition.").

Here, Mr. Paez was provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely. See Magourik v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue"). Beyond that, the Secretary was notified of the court's action and had an opportunity to respond, including an opportunity to inform the District Court if it intended to waive the timeliness defense. The Secretary remained silent. To this day, no one contests that the petition was untimely, and the State has never indicated a desire to waive the limitations bar. The District Court thus complied with Day and Rule 4 and its dismissal was not an abuse of discretion.

## III.

For these reasons, the District Court did not abuse its discretion when it dismissed Mr. Paez's § 2254 petition without ordering the Secretary to respond in some form. We therefore **AFFIRM** the dismissal of his petition.

13