[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12465
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-20872-CMA

ANTHONY ATES,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 21, 2020)

Before WILLIAM PRYOR, JORDAN and TJOFLAT, Circuit Judges.

PER CURIAM:

Anthony Ates, a Florida prisoner, appeals the *sua sponte* dismissal of his petition for a writ of habeas corpus as untimely. We issued a certificate of appealability on the issue whether the district court erred in *sua sponte* determining that Ates's petition was untimely without reviewing the complete, official state court record. We affirm.

Ates is serving a thirty-year sentence in Florida for aggravated battery, armed robbery, and violation of community control. After filing several postconviction motions in state court, Ates filed a petition for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254. A magistrate judge reviewed Ates's petition for timeliness. Because the one-year period in which a petitioner must file his petition is tolled while he has a pending state postconviction motion, *id.* at § 2244(d)(2), the magistrate judge took judicial notice of the online state trial and appellate court dockets from Ates's state proceedings to determine the relevant dates for the limitations period. It concluded that Ates's petition was untimely and recommended dismissing the petition on that ground.

Ates objected to the magistrate judge's report. He acknowledged that he filed his petition after the limitations period but argued that he was entitled to statutory and equitable tolling. Yet he did not object to the dates the magistrate judge used to calculate the timeliness of his petition, nor did he ask to be heard on the issue of the court taking judicial notice. The district court adopted the

2

magistrate judge's report and dismissed the petition as untimely after concluding that Ates filed his petition well beyond the one-year limitations period and that he was not entitled to equitable tolling. Ates appealed and now argues that the district court erred in dismissing his petition after taking judicial notice of his online state-court records instead of considering the official state-court records.

We review for an abuse of discretion the district court's decision to take judicial notice of a fact and its decision to *sua sponte* raise the statute of limitations. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).

Our recent decision in *Paez* controls this appeal. In *Paez*, a magistrate judge took judicial notice of online-state-court docket entries as part of its preliminary assessment of the petition and, based on the dates for those entries, recommended *sua sponte* dismissing the petition as untimely. *Id.* at 651. The petitioner had the opportunity to object to the magistrate judge's report but did not ask to be heard on the issue of the court taking judicial notice, nor did he contest the dates on which the magistrate judge relied. *Id.* at 651, 653. The district court *sua sponte* dismissed the petition as untimely, and we affirmed. *Id.* at 655. We held that a district court may take judicial notice of online-state-court docket entries when it uses necessary safeguards, which are present when it provides the petitioner with "an opportunity to ask to be heard on the propriety of judicial notice." *Id.* at 652–53. We also held that a district court may *sua sponte* dismiss a petition at the screening stage for

3

untimeliness if it provides the petitioner with notice and an opportunity to be heard. *Id.* at 653.

The same is true here. The district court did not abuse its discretion in taking judicial notice of the electronic state court docket entries because Ates had ample notice and opportunity to be heard. The magistrate judge made the electronic dockets part of the record, and the clerk mailed a copy of them to Ates. Ates never alleged that he did not receive the records or was otherwise unaware of them. He had the opportunity to challenge the accuracy of the electronic dockets or to ask to be heard on the issue when he objected to the magistrate judge's recommendation, but he did not.

Nor did the district court abuse its discretion in *sua sponte* dismissing the petition for untimeliness because it provided Ates with notice and an opportunity to be heard. *Id.* at 653; *see also Day v. McDonough*, 547 U.S. 198, 209–10 (2006). Ates had the opportunity to object to the magistrate judge's report and to dispute its conclusion that his petition was untimely. And the state was notified of the magistrate judge's recommendation but never stated an intent to waive the limitations bar. We discern no error in the ruling that Ates's petition was untimely and not entitled to equitable tolling.

We **AFFIRM** the *sua sponte* dismissal of Ates's petition as untimely.

4