[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11769
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00009-MSS-AAS

GERSU GUISAO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 10, 2020)

Before WILLIAM PRYOR, MARTIN and HULL, Circuit Judges.

PER CURIAM:

Gersu Guisao, a Florida prisoner, appeals the *sua sponte* dismissal of his petition for a writ of habeas corpus as untimely. We issued a certificate of appealability on the issue whether the district court procedurally erred in *sua sponte* dismissing Guisao's petition as untimely without ordering the State to respond. We affirm.

Guisao is serving a life sentence in Florida for sexual battery. After seeking postconviction relief in state court, he filed a petition for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254. The district court conducted a preliminary review of Guisao's petition, *see* Rules Governing § 2254 Cases, Rule 4, and concluded that it was untimely. *See* 28 U.S.C. § 2244(d). The court ordered Guisao to show cause why it should not dismiss his petition on that ground and warned him that it would dismiss his petition if he did not timely respond. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). Guisao argued that he was entitled to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), and that the actual-innocence exception to the limitations period applied, *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The court explained that Guisao's response failed on both fronts, but it gave him a second opportunity to show that his petition was timely. It warned him that "[a]n insufficient response, or the failure to respond, . . . will result in the dismissal of this action without further notice." The

2

court determined that Guisao's second response was insufficient, so it dismissed his petition as untimely.

The only issue on appeal is whether the district court procedurally erred when it *sua sponte* dismissed Guisao's petition as untimely without ordering the State to respond. We review a district court's decision to *sua sponte* raise the untimeliness of a petition for abuse of discretion. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). After the parties filed their briefs, we issued a new opinion in *Paez*. We held that untimely petitions are subject to dismissal at the screening stage under Rule 4, which requires district courts to dismiss petitions that are "legally insufficient on [their] face," if the court provides the petitioner with notice and an opportunity to be heard. *Id.* at 653 (internal quotation marks omitted). We explained that the district court did not abuse its discretion when it dismissed a petition that it had determined to be untimely without ordering the State to respond because it provided the petitioner with "notice of its decision and an opportunity to be heard in opposition." *Id.* Because of *Paez*'s relevance to this appeal, we ordered the parties to submit supplemental letter briefs addressing its impact.

Guisao admits that *Paez* "eliminate[s] the argument" in his initial brief about the *sua sponte* dismissal of his petition because it is plain from the face of his petition that he filed it "almost a year too late," and the district court gave him

notice and an opportunity to be heard in opposition before the dismissal. But he argues that *Paez* is distinguishable. Without explaining why, he contends that because he tried to invoke equitable tolling or the actual-innocence exception, the court should have ordered the State to respond.

His attempt to distinguish *Paez* is unpersuasive. It is clear from the face of Guisao's petition and the judicially noticed online docket entries for his state proceedings, *see id.* at 652–53, that he filed his petition well beyond the one-year limitations period. The district court gave him two opportunities to argue to the contrary, and it warned him that an insufficient response would result in dismissal. We discern no error in the district court's ruling that Guisao's responses failed to show that his petition was timely. *Paez* establishes that the district court did not abuse its discretion, especially because Guisao, not the State, had the burden of establishing either equitable tolling or the actual-innocence exception and possessed the necessary information. *See McQuiggin*, 569 U.S. at 386; *Holland*, 560 U.S. at 649.

We **AFFIRM** the *sua sponte* dismissal of Guisao's petition as untimely.