[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11659
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-24945-DPG


FELIX ANTONIO SILVA-MARTINEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2020)

Before JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Felix Silva-Martinez, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 28 U.S.C. § 2254 petition as untimely filed.  We granted a certificate of appealability ("COA") on whether the district court erred in *sua sponte* determining that Mr. Silva-Martinez's § 2254 petition was time-barred without first ordering the state to respond to the petition.  On appeal, he argues that, under our now-superseded opinion in *Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304 (11th Cir. 2019) ("*Paez I*"), the district court abused its discretion by *sua sponte* dismissing his § 2254 petition without first ordering the State to respond.

We review a district court's decision to take judicial notice of a fact for abuse of discretion.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) ("*Paez II*").  We also review for abuse of discretion a court's decision to *sua sponte* raise a statute of limitations issue.  *Day v. McDonough*, 547 U.S. 198, 202 (2006). *Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Issues not briefed on appeal are deemed abandoned.  *Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

In *Paez*, a Florida state prisoner filed a § 2254 petition and the state was not ordered to respond.  *Paez II*, 947 F.3d at 650-51.  A magistrate judge took judicial notice of the filing dates of the petitioner's post-conviction motions and the dates of the orders resolving those motions, as reflected in the electronic state court dockets

2

for the petitioner's criminal cases. *Id.* at 651. The dockets were available online but were never made part of the record. *Id.* In a report and recommendation ("R&R"), the magistrate judge recommended *sua sponte* dismissing the § 2254 petition as time-barred and, over the petitioner's objections, the district court adopted the magistrate judge's recommendation. *Id.* We granted the petitioner a COA on the issue of whether the district court erred in dismissing his petition as untimely. *Id.*

On appeal, we considered two issues: (1) whether the district court could properly take judicial notice of the electronic state court dockets in the petitioner's criminal cases; and (2) whether it was error to dismiss the petitioner's § 2254 petition as untimely without ordering the state to respond. *Id.* As to the first issue, we explained that the dates that the district court noticed from the electronic state court dockets constituted judicially noticed facts under Fed. R. Evid. 201, and we had no reason to think that the dockets did not accurately reflect the relevant dates in the petitioner's cases. *Id.* at 651-52. We warned, however, that taking judicial notice is a "highly limited process" and, although Rule 201 does not require the court to warn the parties before taking judicial notice, it does require, upon the party's request, an opportunity to be heard after the court takes notice. *Id.* at 652-53. We concluded that, because the petitioner had an opportunity to object to the magistrate judge's recommendation after the magistrate judge took judicial notice of the dates from the state court dockets, and the petitioner did not dispute the accuracy of the dockets or

indicate that he was unable to do so, the district court had not abused its discretion by taking judicial notice. *Id.* at 653.

Turning to the second issue, we held that the district court did not abuse its discretion by *sua sponte* dismissing the petitioner's § 2254 petition after giving him notice of its decision and an opportunity to be heard. *Id.* We reasoned that the text of Rule 4 of the Rules Governing § 2254 Proceedings[1] and the accompanying advisory committee notes did not restrict summary dismissals to merits-based deficiencies and gave district courts the authority to screen § 2254 petitions to eliminate the burden on the state of having to respond to frivolous applications. *Id.* at 654. This holding, we explained, also aligned with *Day*, in which the Supreme Court held that a district court may act on its own initiative to dismiss a petition as untimely, provided that the court gives the parties fair notice and an opportunity to be heard. *Id.* at 654-55. Accordingly, because the petitioner was given an opportunity to explain why his petition was timely, and the state was notified of the court's action but neither contested the petition's timeliness nor waived the limitations defense, we held that the district court did not abuse its discretion in dismissing the petition. *Id.* at 655.

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. If the petition is not dismissed, the judge must order the respondent to answer. *See id.*

4

Given our decision in *Paez II*, we conclude that the district court did not abuse its discretion.

First, the district court did not abuse its discretion by taking judicial notice of the electronic state court records. *Paez II*, 947 F.3d at 651. Although we instructed in *Paez II* that a court should use caution in this regard, here, the district court here followed the proper safeguards. The magistrate judge made the electronic state court records part of the district court record, and Mr. Silva-Martinez never alleged that he did not receive copies of those records. *See id.* at 652-53. Mr. Silva-Martinez also had the opportunity to object to the R&R, including the magistrate judge's decision to take judicial notice of the electronic state court records. *See id.* at 653. And although he filed objections, he did not dispute the accuracy of the electronic state court records or the dates the magistrate judge used, and he did not otherwise ask to be heard on the judicial notice issue. *See id.* Accordingly, the district court did not abuse its discretion by taking judicial notice of the electronic state court records.

Second, the district court also did not abuse its discretion by *sua sponte* dismissing Mr. Silva-Martinez's § 2254 petition as untimely without requiring a response from the state. Mr. Silva-Martinez was provided ample notice and an opportunity to explain why his petition was timely, both in the petition itself and

5

again when he was given the chance to respond to the R&R. *See id.* at 655. And Mr. Silva-Martinez took that opportunity, objecting to the magistrate judge's determination on timeliness and arguing that his petition was timely. *See id.* Further, the state was sent copies of both the R&R and Mr. Silva-Martinez's objections and had an opportunity to respond, including waiving the limitations defense altogether, if it so chose. *See id.* Nonetheless, the state did not respond and has never indicated a desire to waive the limitations defense.

**AFFIRMED.**