[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13161

_____

D.C. Docket No. 2:18-cv-14086-RLR

SHANNON COPELAND,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 10, 2020)

Before WILSON, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Shannon Copeland appeals the district court's sua sponte dismissal of her pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court dismissed the petition as untimely after relying on state court electronic dockets to determine the relevant dates. We granted a certificate of appealability (COA) to address "only" whether the district court erred in doing so. With the benefit of supplemental briefing assessing the impact of our recent decision in *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649 (11th Cir. 2020) (per curiam), we hold that the district court did not err here. Because the court followed proper safeguards, as in *Paez*, we affirm.

We review for abuse of discretion a district court's decision to raise the statute of limitations sua sponte. *Id.* at 651. The same goes for a district court's decision to take judicial notice of a fact. *Id.*

In *Paez*, we affirmed a district court's sua sponte decision to dismiss a § 2254 petition as untimely. *Id.* at 650–51, 655. There the court took judicial notice of relevant dates by relying on state court electronic dockets. *Id.* at 651. "These docket sheets were available online but never made a part of the record." *Id.* Sua sponte the magistrate judge recommended dismissal, and the district court adopted the Report and Recommendation (R&R) over Paez's objections. *Id.*

We saw no abuse of discretion in *Paez* because, though we urged caution in taking judicial notice, "we conclude[d] proper safeguards were followed" in that

2

case. *Id.* at 652–53. This was so because "Paez had an opportunity to object to the [R&R] after the magistrate judge took judicial notice of the dates from his state court dockets"; he "did not ask to be heard"; he did not "dispute the accuracy of the docket entries the magistrate judge relied upon"; and "[he] gave no indication he lacked the ability to dispute the docket sheets—because of, say, his lack of an Internet connection." *Id.* at 653. Elsewhere we noted that "[t]o this day, no one contests that the petition was untimely." *Id.* at 655.

Here the district court followed proper safeguards comparable to those in *Paez*. The magistrate judge explicitly took judicial notice of publicly available online Florida court dockets and, unlike in *Paez*, also included them in the record. Copeland did not object to the magistrate judge taking judicial notice of those dockets. Then, in the R&R, the magistrate judge walked through Copeland's prior state and federal litigation, calculated the statute of limitations, and recommended dismissal because the petition was untimely. Copeland did not object to the R&R either.

Of course, Copeland moved for an extension of time to file objections to the R&R and appointment of counsel. And Copeland's supplemental brief suggests that she may have indicated in her handwritten motion that she lacked the ability to dispute the docket sheets because of her circumstances, unlike in *Paez* where no such allegations were made. To be sure, the district court denied that motion. But,

3

nonetheless, it performed a de novo review of the R&R.  In any event, it is still unclear what, if any, objection Copeland would have made to the accuracy of the dates and timeliness calculation had the district court granted her motion. Copeland also passed up opportunities to ask for rehearing or to file a Rule 60(b) motion.  As a final note, no one submits that the petition is in fact timely.

Comparing this case's procedural history to *Paez*'s, we can confidently say that the district court followed proper safeguards when taking judicial notice of the relevant dates to calculate the untimeliness of the petition.  In no way did the court abuse its discretion in taking judicial notice or in dismissing the petition as untimely.[1]

---

[1] Copeland's other arguments either fall outside the scope of the COA or seemingly are raised for the first time on appeal, so we need not address them.  *See Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007) (per curiam) ("Our review in habeas cases is generally limited to the issues specified in the COA."); *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (per curiam) ("Arguments raised for the first time on appeal are not properly before this Court.").  But even if we were to address them, they fail.  Starting with the district court's failure to order the Secretary to respond, that argument fails for all the reasons discussed in *Paez*, in which we affirmed on a nearly identical issue.  *See* 947 F.3d at 653–55.  As for Copeland's motion, Copeland fails to explain how the district court erred by failing to construe her motion as an objection to the R & R, or to cite any binding caselaw to guide that analysis.  But even if she is right that the district court should have construed her motion as an objection, she fails to explain how that filing would have impacted the district court's analysis.  Thus, any error was harmless. *See United States v. Gallegos-Aguero*, 409 F.3d 1274, 1277 (11th Cir. 2005) (per curiam) (stating that, under the harmless error standard, we reverse only if a non-constitutional error resulted in actual prejudice).  Contrary to Copeland's argument, we can apply harmless error review because the district court has authority to dismiss the petition sua sponte as untimely.  *See Paez*, 947 F.3d at 650–51, 655.  In any event, the only discernable date Copeland seems to mention for purposes of equitable tolling was much too long after tolling for litigation would have stopped to matter here.  Finally, Copeland alludes to how she "may" show extraordinary circumstances on remand to warrant equitable tolling, but she does not actually allege any.

**AFFIRMED.**