[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12595
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60746-WPD

HENRY WILLIAMS,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2020)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Henry Williams ("Williams"), a Florida prisoner, appeals the district court's order *sua sponte* dismissing his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely and, in the alternative, denying his petition on the merits. We granted a certificate of appealability ("COA") on whether the district court erred in: 1) *sua sponte* dismissing Williams's petition as time-barred and unexcused by equitable tolling by taking judicial notice of electronic copies of certain state court records rather than reviewing the official state court record; and 2) alternatively, *sua sponte* denying Williams's claims on the merits by taking judicial notice of electronic copies of additional state court records rather than reviewing the official state court record. After the parties' briefing was completed, we stayed the appellate proceedings in this case pending our decision in *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649 (11th Cir. 2020), *cert. petition filed*, No. 19-8674 (May 13, 2020). Now, with the benefit of that decision and after careful consideration, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

In April 2017, Williams filed a *pro se* § 2254 petition for writ of habeas corpus (the "petition") in the U.S. District Court for the Southern District of Florida. On May 19, 2017, the magistrate judge, without requiring a response to the petition, issued a Report of Magistrate Judge (the "Report and Recommendation") recommending that Williams's petition be dismissed as time barred. In considering

Williams's petition, the magistrate judge took judicial notice, pursuant to Federal Rule of Evidence 201, of online dockets and electronically filed papers from Williams's underlying state court criminal proceedings. By separate order, the magistrate judge made those state court records part of the district court record.

Williams filed objections to the Report and Recommendation. Williams challenged the magistrate judge's analysis but did not dispute the accuracy of the judicially noticed state court records or ask to be heard on the taking of judicial notice. Rather, his sole objection was that his § 2254 petition was timely because, under the mailbox rule, it should have been deemed filed as of April 13, 2017.

On May 19, 2017, over Williams's objections, the district court adopted in part the Report and Recommendation. In doing so, he credited Williams's claim that his petition had been filed on April 13, 2017. Relying on the state court records judicially noticed by the magistrate judge, the district court concluded that Williams's petition was time barred, although based on different reasoning than recommended by the magistrate judge, and dismissed the petition. In particular, the district judge determined that Williams's conviction became final on May 8, 2013, when he failed to file an appeal from his no-contest plea[1] and sentence on his original

---

[1] Originally, the district court referred to the plea as a guilty plea, but Williams objected in his Motion for Rehearing before the district court, noting that it was a no-contest plea. In a subsequent order, the district court corrected its ruling to reflect that Williams entered a no-contest plea.

judgment imposed on April 8, 2013. The district court reasoned that Williams challenged only his original conviction (listing as grounds for his petition claims such as ineffective assistance of counsel in advising him to plead guilty and in failing to file a suppression motion) and raised no claims against his probation revocation, which occurred after his original conviction became final. Therefore, the statute of limitations expired on April 8, 2014, since Williams did not appeal the original conviction. And as a result, the district court explained, even under the mailbox rule, Williams's April 13, 2017, filing could not be timely. Alternatively, the district court denied Williams's petition on the merits. In reaching its alternative ruling, the district court took judicial notice of additional electronically-filed papers and transcripts from Williams's underlying state court criminal proceedings, which the district court made part of the record.

After filing a notice of appeal in this Court, Williams filed a motion for rehearing in the district court. Notably, Williams's motion did not dispute the accuracy of the judicially-noticed state court records relied upon in determining that his petition was untimely, nor did Williams ask to be heard on the issue of taking judicial notice. Additionally, Williams's motion did not dispute the district court's conclusion that his petition was time barred or, indeed, make any argument regarding the timeliness of his petition. The district court denied the motion for rehearing and specifically noted that that the records it had relied upon had been sent to Williams.

4

A judge of this Court subsequently granted Williams a COA, and this appeal ensued.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a "district court's decision to take judicial notice of a fact." *Paez*, 947 F.3d at 651. We also review for abuse of discretion "a district court's decision to *sua sponte* raise the statute of limitations." *Id.*; *accord Day v. McDonough*, 547 U.S. 198, 202 (2006).

## III.    ANALYSIS

On appeal, Williams argues that the district court erred in *sua sponte* dismissing his petition as untimely by taking judicial notice of online state court records and without ordering a response from the respondent, the Department of Corrections (the "Department"). We find Williams's argument foreclosed by *Paez*.

Regarding the issue of judicial notice, Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "State court records of an inmate's postconviction proceedings generally satisfy this standard." *Paez*, 947 F.3d at 651.

In *Paez*, the magistrate judge took judicial notice of dates contained in online state court dockets for Paez's state criminal cases in making a *sua sponte*

recommendation that Paez's § 2254 petition for writ of habeas corpus be dismissed as untimely, and the district court adopted that recommendation. *Id.* On appeal, this Court determined that dates in the state-court online dockets were facts properly subject to judicial notice. *Id.* at 651–52. Although we cautioned that taking judicial notice is a "highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court," we concluded that proper safeguards were met in *Paez* because the judicially noticed documents were made part of the court record, Paez had the opportunity to object to the magistrate judge's report and recommendation, Paez did not ask to be heard on the issue of judicial notice, and Paez did not dispute the accuracy of the docket entries at issue or give any indication that he lacked the ability to dispute the docket sheets due to lack of access. *Id.* at 652–53. Thus, the district court in *Paez* did not abuse its discretion in taking judicial notice of dates in the state court dockets. *Id.* at 653.

Regarding the issue of dismissing the petition without ordering a response, Rule 4 of the Rules Governing Section 2254 Proceedings "requires district courts to dismiss § 2254 petitions without ordering the State to respond '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'"[2] *Id.* (quoting Rules Governing § 2254 Cases, R. 4). In *Paez*, this Court held

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides, in relevant part:

6

that Rule 4 authorizes *sua sponte* dismissal for untimeliness as long as the petitioner has "notice and opportunity to explain why his petition was timely." *Id.* at 655. We found that Paez was provided "ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely." *Id.* We also noted that the state was "notified of the court's action and had an opportunity to respond," but remained silent and did not indicate a desire to waive the timeliness defense. *Id.* We therefore concluded that the district court did not abuse it discretion in *sua sponte* dismissing the petition for untimeliness without ordering a response. *Id.*

Here, as in *Paez*, the district court did not abuse its discretion in *sua sponte* dismissing Williams's petition as untimely after taking judicial notice of online state court dockets and filings and without requiring a response from the Department. First, the dates contained in the online docket entries and filings from Williams's state court proceedings constitute judicially noticeable facts, *see id.* at 651–62, and the district court followed proper safeguards in taking judicial notice of them. The

---

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

7

state court records were made part of the district court record. Williams had two opportunities to object to and ask to be heard on the propriety of taking judicial notice of these records—first, when he filed his objections to the magistrate judge's Report and Recommendation and, again, when he filed his motion for rehearing on the district court's order—and in neither instance did Williams dispute the accuracy of the records or otherwise ask to be heard on the issue of taking judicial notice. We therefore find that the district court did not abuse its discretion by taking judicial notice of the state court records.

Second, Williams was provided notice and an opportunity to explain why his petition was timely, not only when he filed the petition itself but also when he filed his objections to the Report and Recommendation and his motion for rehearing on the district court's order. Similarly, the record shows that the Department was notified of the magistrate judge's Report and Recommendation but remained silent, thus not indicating an intent to waive the timeliness defense. Under these circumstances, we conclude that the district court did not err in *sua sponte* dismissing the petition as untimely.

Accordingly, we affirm the district court's dismissal of Williams's petition as time barred and need not address the district court's denial of the petition on the merits in the alternative.

**AFFIRMED.**

8