[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11997

Non-Argument Calendar

_____

JUSTIN ANDRE LAMOUREUX,

Plaintiff-Appellant,

*versus*

STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14010-AMC

_____

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Lamoureux, proceeding *pro se*, challenges two district court's orders: (1) an order remanding a pending civil action against him brought by the State of Florida, which Lamoureux had removed to federal court, back to Florida state court for lack of jurisdiction; and (2) order denying reconsideration of that remand order. For the following reasons, we take judicial notice of the state court's order that dismissed the state court case against Lamoureux following the district court's remand, and we dismiss Lamoureux's appeal because it is now moot.

We will *sua sponte* consider whether we have jurisdiction and review jurisdictional issues *de novo*. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008).

A federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter at issue in the case before it. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). As a general principle, settlement between the parties in litigation renders the case moot. *Yunker v. Allianceone Receivables Mgmt.*, 701 F.3d 369, 372 (11th Cir. 2012).

Generally, we will not consider evidence from or the record of another case if the district court did not consider it first. *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995). However, we have the power to do so and review such requests on a case-by-case basis, granting motions to supplement the record where additional information would be dispositive or informative and where the interests of justice and judicial economy would be served. *Id.* Even if the parties did not move to supplement the record, we may take judicial notice of a fact that is not subject to reasonable dispute and can be accurately and readily determined from a reliable source. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020). For example, state court records of an inmate's postconviction proceedings generally satisfy this standard. *Id.*

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts and provides that a court may act *sua sponte* at any stage of the proceeding to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c)(1), (d).

Here, we take judicial notice of the state court's order dismissing the underlying action after it was remanded. *See Young*, 59 F.3d at 1168; *Paez*, 947 F.3d at 651–52; Fed. R. Evid. 201(b)(2), (c)(1), (d). Because we may no longer offer Lamoureux meaningful relief, his appeal is moot, and we lack jurisdiction to consider it. *See*

*Christian Coal. of Fla.*, 662 F.3d at 1189; *Church of Scientology of Cal.*, 506 U.S. at 12.  Accordingly, we dismiss the appeal.[1]

**DISMISSED.**

---

[1] Lamoureux's "Objection to Venue, Motion to Change Venue" and his Motion for Initial Hearing En Banc are DENIED.