[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12109

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

CLERK JUANITA M. LAIDLER,
Individually and official capacity, Macon County Superior Court,
CHIEF DEPUTY CLERK CRYSTAL CARTER,
Individually and official capacity, Macon County Superior Court,

Defendants-Appellees,

MACON COUNTY SUPERIOR COURT,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00087-TES-MSH

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the dismissal of his 42 U.S.C. section 1983 right-to-access-the-courts claim against the Clerk and Chief Deputy Clerk of the Macon County Superior Court.  After careful review, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 1995, a Cobb County grand jury indicted Daker on two counts of aggravated stalking.  The following year, a jury convicted him on both counts.  His conviction was affirmed on direct appeal.

Then, in 2010, a Cobb County grand jury indicted Daker on murder, burglary, false imprisonment, aggravated assault, aggravated battery, and attempted aggravated stalking charges.  At Daker's trial on these charges, the government introduced evidence of his 1996 aggravating stalking conviction.  A jury convicted Daker of all charges at trial in 2012.  Daker appealed, and the Supreme Court of Georgia affirmed his 2012 convictions.

Daker filed a habeas petition in 2013, challenging the 1996 aggravated stalking conviction that had been used as evidence in his 2012 trial. In the habeas petition, he alleged that (1) the state violated his due process rights by failing to disclose *Brady* evidence, and (2) the admission of his "private papers" at trial violated his Fourth, Fifth, and Fourteenth Amendment rights.

While his 2013 habeas petition remained pending, in October 2018, Daker mailed another habeas petition to the Macon County Superior Court's Clerk's Office, also challenging his 1996 aggravated stalking conviction on four grounds, including several of the same claims he made in his still pending habeas petition. He asserted that: (1) he never waived his right to appellate counsel on direct appeal; (2) his Fourth and Fifth Amendment rights were violated by admission of his "private papers" at trial; (3) his double jeopardy rights were violated by consecutive sentences for the two counts; and (4) his due process rights were violated by the suppression of *Brady* evidence.

Clerk of Macon County Superior Court Juanita M. Laidler and Chief Deputy Clerk Crystal Carter refused to file the 2018 habeas petition and returned it to Daker unfiled. In a letter to Daker, Carter explained that she could "[]not file [the petition] since you already have an existing [h]abeas [c]orpus filing with the exact same charges . . . . That case is currently open and has no final order, so therefore, you cannot have duplicate cases on the same matter."

Six months later, in April 2019, Daker amended his 2013 habeas petition, adding the additional claims he tried to raise in the

unfiled 2018 habeas petition.  He included claims that his convictions and sentences were multiplicitous and void and that he was denied his constitutional right to appellate counsel on direct appeal. The Lowndes County Superior Court dismissed the amended habeas petition because the grounds were either untimely or not cognizable in a habeas corpus action.

Daker sued Laidler and Carter in federal court, asserting a section 1983 claim against them for violating his right to access the courts.[1]  The magistrate judge screened Daker's claim under 28 U.S.C. section 1915A and recommended that the district court dismiss his access-to-courts claim without prejudice because it failed to state a claim and it was frivolous and malicious.

Daker objected to each of the magistrate judge's reasons for dismissal.  And he moved to certify state law questions to the Supreme Court of Georgia.

After it considered Daker's objections, the district court adopted the magistrate judge's recommendation and denied Daker's motion to certify state law questions as moot.  The district court agreed with the magistrate judge that Daker's complaint should be dismissed for failure to state a claim because he had not alleged an "actual injury" to his right to access the courts.  This is Daker's appeal.

---

[1]  Daker also alleged that Laidler and Carter violated the state public duty tort, but he does not raise his state tort claim on appeal.

## STANDARD OF REVIEW

Under section 1915A, the district court must dismiss a prisoner's complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). We review de novo the denial of complaint for failure to state a claim under section 1915A. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). We apply the same standards for assessing whether a complaint states a claim under section 1915A as we do for a rule 12(b)(6) motion to dismiss. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

## DISCUSSION

Daker argues that the district court erred in concluding that he did not state an access-to-courts claim. We disagree.[2]

The Constitution protects the right of litigants to access the courts. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). The right of

---

[2] Daker also argues that the district court erred in considering state court documents that were not part of his complaint. But district courts may "consider . . . matters of which a court may take judicial notice" when evaluating a complaint for failure to state a claim, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."), including state court documents, *see Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (explaining that "online state court dockets constitute judicially noticeable facts under [r]ule 201").

access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Harbury*, 536 U.S. at 415. To prevail on an access-to-courts claim, a plaintiff must show an "actual injury"—that is, he must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded," and this underlying claim must be either a direct appeal, a habeas petition, or a civil rights action. *Lewis v. Casey*, 518 U.S. 343, 348–49, 353–54 (1996). In other words, he "must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (citation omitted).

To allege actual injury, a plaintiff must allege either a forward-looking claim that "official action frustrates [him] in preparing and filing suits at the present time," or a backward-looking claim that his case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Harbury*, 536 U.S. at 413–14. For a forward-looking claim, the opportunity to sue need "not [have] been lost for all time . . . but only in the short term." *Id.* at 413. The reason "for recognizing that claim[] is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.*

For the backward-looking claim, a plaintiff must plausibly allege that "[t]he official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a

meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* at 414 (cleaned up). "[T]he complaint must identify a remedy that may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." *Id.* at 415. In any event, "[w]hether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414–15.

Daker has not alleged an actual injury here, either through a forward-looking or backward-looking access-to-courts claim. He lost no opportunity to sue "in the short term"—let alone "for all time." *See id.* at 413. Nor did the failure to file his 2018 habeas petition—because a habeas petition was already pending—cause the loss of a meritorious case, the opportunity to sue, or the opportunity to seek a particular form of relief. *See id.* at 414. Indeed, Daker remained able to—and later did—file an amended petition for his already pending habeas petition.

Nevertheless, Daker argues that he was actually injured by the non-filing of his 2018 habeas petition. He maintains that the 2018 petition should have been filed and then construed as an amendment to his pending petition. He points to one of his past cases in our court where we held that the district court erred by failing to treat Daker's successive federal habeas petition as an

amendment to his other pending federal habeas petitions. *See Daker v. Toole*, 736 F. App'x 234, 235–36 (11th Cir. 2018).

But whether or not Daker is right that, as a matter of Georgia law, the new habeas petition should have been construed as an amendment to the already pending habeas petition, he has still not shown that the failure to file his 2018 habeas petition prevented him, hindered him, or impeded him from amending his already active petition.[3] *See Casey*, 518 U.S. at 350–51 (explaining that the right of access "prohibit[s] . . . actively interfering with inmates' attempts to prepare legal documents or file them," so "hinder[ing] [a plaintiff's] efforts to pursue a legal claim" or preventing his "meaningful access to the courts" violates the right (citations omitted)); *Chappell*, 340 F.3d at 1284 (affirming failure to state a right to access claim where plaintiffs "d[id] not allege that they were or would have been prevented from filing" suit "nor that the [d]efendants' actions would have made such a suit inadequate, ineffective, or not meaningful"); *see also Cunningham*, 592 F.3d at 1272 ("[W]here a state's procedures are facially adequate, a claimant cannot challenge their application to his particular case on due process grounds until he has actually attempted to use those procedures." (citing *Dist. Att'y's Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009))). Indeed, Daker amended his pending habeas petition just

---

[3] Yes, the state court partly denied Daker's habeas petition because it was untimely. But his claims were denied as untimely because they weren't raised before July 1, 2008—not because of any delay from the non-filing of his 2018 habeas petition.

a few months later. He lost no opportunity for suit or missed a remedy because of any delay. *Cf. Harbury*, 536 U.S. at 413–14; *see also Cunningham*, 592 F.3d at 1272 (explaining that if a plaintiff's "own omissions and not the actions of the defendants [are what] foreclosed his ability to seek a new trial in state court," then there "is not a violation of his right of access to the courts"). In short, Daker has not alleged an actual injury due to being delayed or prevented from amending his habeas claim.

## CONCLUSION

Because Daker failed to allege any actual injury here, he failed to state a denial of access claim upon which relief could be granted. The district court did not err in dismissing his complaint for failure to state a claim.[4]

**AFFIRMED.**[5]

---

[4] Because we affirm the district court's conclusion that Daker failed to state a claim under section 1915A, we do not reach the court's alternative conclusions that the access-to-courts claim was frivolous and malicious.

[5] We DENY Daker's motion to certify state law questions to the Georgia Supreme Court.