[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10929

Non-Argument Calendar

_____

RESHAWN ARMSTRONG,

Plaintiff-Appellant,

*versus*

U.S. ATTORNEY GENERAL,

Defendant-Appellee,

DEPARTMENT OF JUSTICE, et al.,

2                    Opinion of the Court                    20-10929

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 7:17-cv-01857-LSC

_____

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Reshawn Armstrong, proceeding *pro se*, appeals the district court's grant of summary judgment to the United States Attorney General on Armstrong's Title VII sex discrimination, retaliation, and hostile work environment claims, and on her claim of a violation of the Fair Labor Standards Act (FLSA). She also challenges the denial of her motion for sanctions and her motion for judicial notice and asserts that the district court engaged in improper ex parte communications with the Attorney General.

I.

Armstrong is a corrections officer for the Federal Bureau of Prisons (BOP) and is by all accounts a good employee. Although she received positive performance reviews for her work, in 2013 Armstrong was arrested for domestic violence, which led the Office of Internal Affairs (OIA) to open an investigation into her conduct. The charges against Armstrong were dropped shortly after her arrest, but the internal affairs investigation continued.

In March 2015 Armstrong began applying for various BOP positions at prisons in other states, seeking a promotion or transfer. Armstrong was qualified for each position for which she applied, but she was not selected for any of them. She suspected that because she is a female her supervisors were intentionally sabotaging her applications during the "reference check" process. She filed a charge with the EEOC and, eventually, this lawsuit.

The district court determined that Armstrong had presented no evidence to support any of her claims and granted summary judgment against her.  In the same order, the district court denied Armstrong's pending motions for judicial notice and for sanctions against the Attorney General.  This is Armstrong's appeal.[1]

---

[1] The only claim that Armstrong has fully addressed in this appeal is the one arising from her challenge to the district court's conclusion that she failed to establish a prima facie case of Title VII discrimination based on the circumstantial evidence she presented.  Any other claims are forfeited.

Armstrong does contend in her brief that she presented direct evidence of Title VII discrimination and an FLSA violation, but she raises those contentions only "in a perfunctory manner without supporting arguments and authority," and as a result, she has forfeited them. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").  She forfeited any issues about her Title VII retaliation and hostile work environment claims because she raised them for the first time in her reply brief.  *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

Finally, she argues that the district court engaged in improper ex parte communications with the Attorney General and that it intimidated Armstrong into voluntarily dismissing several of her claims.  She raised neither of those issues in the district court, and we will not consider them for the first time on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 491 n.9 (11th Cir. 2015)

20-10929                Opinion of the Court                5

II.

Armstrong contends that the district court erred in finding that she had not established a prima facie case of Title VII sex discrimination under *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case under the *McDonnell Douglas* framework Armstrong must, among other things, present evidence that the BOP treated a similarly situated employee more favorably than it treated her. *Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc). To satisfy the test, she and the comparator must be "similarly situated in all material respects." *Id.* at 1226. Usually, this means that the comparator "will share the plaintiff's em-

---

(holding that a *pro se* plaintiff had forfeited an argument that he raised for the first time on appeal). In any event, Armstrong has pointed to absolutely no evidence that the district court either engaged in improper ex parte communications or coerced her to dismiss some of her claims.

6                    Opinion of the Court                    20-10929

ployment or disciplinary history." *Id.* at 1228.  The district court determined that Armstrong had presented no evidence of a similarly situated comparator.

The one comparator Armstrong points to is Randolph King, who is male.  Armstrong argues that the district court improperly considered her arrest history and the OIA investigation in determining that King was not similarly situated with Armstrong when the BOP hired him for a job for which she had also applied.  Armstrong has presented no evidence that King had an arrest record or had been subject to an OIA investigation, as she had been.  She argues that she was not actually subject to disciplinary action at all.  Perhaps not, but the undisputed evidence is that she was arrested for domestic violence and subject to an OIA investigation when she applied for the position that King ultimately filled.  That is enough to prevent King from being similar-

ly situated to her in all relevant respects.  The district court properly entered summary judgment against her on this claim.

## III.

Armstrong contends that the district court erred by denying her motion for sanctions.  We review "all aspects of a district court's Rule 11 determination" only for an abuse of discretion. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014).  That means that "we must affirm unless we find that the district court has made a clear error of judgment[] or has applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007).  "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an

8                     Opinion of the Court                     20-10929

improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Armstrong asserts that the Attorney General altered her deposition and filed his motion for summary judgment in bad faith. But she presents no evidence that her deposition was altered or that the Attorney General acted in bad faith. His action in filing the motion was not sanctionable because it had a reasonable factual basis and was based on a legal theory with more than "a reasonable chance of success." *See Baker*, 158 F.3d at 524. Its success is obvious from the fact that the district court properly granted summary judgment in the Attorney General's favor. The district court did not abuse its discretion in denying Armstrong's motion for sanctions.

IV.

Finally, Armstrong challenges the district court's denial of her motion requesting it to take judicial notice.  We review that ruling only for an abuse of discretion.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).  Federal Rule of Evidence 201(b) states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Rule 201 also requires that courts give parties an "opportunity to be heard after the court takes judicial notice."  *Paez*, 947 F.3d at 652; Fed. R. Evid. 201(e) ("On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.")

The district court did not abuse its discretion in denying Armstrong's motion. The facts Armstrong asked the court to notice — many of which were disputed by the Attorney General — were not generally known in the district court's territorial jurisdiction and could not be accurately and readily determined from reliable sources. *See* Fed. R. Evid. 201(b). And although courts must, upon request, give parties an opportunity to be heard after taking judicial notice of a fact, *id.*, the court did not take judicial notice of any fact. It was not an abuse of discretion to deny Armstrong's motion without a hearing.

**AFFIRMED.**[2]

---

[2] The district court's summary judgment order taxed costs to Armstrong, and she appealed that order and mentioned costs in her notice of appeal. After that, the district court granted the Attorney General's bill of costs. Instead of amending her notice of appeal to include the order awarding costs, Armstrong sought to file a supplemental brief challenging the award. This Court granted her request to file the supplemental brief but carried with the case the question of jurisdiction. The Attorney General filed a supplemental response brief. We may construe Armstrong's *pro se* supplemental brief as

an amendment to her notice of appeal, and we have jurisdiction to consider her challenge to the award of costs. *See Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988).

The district court awarded the Attorney General costs for printing and for a transcript of Armstrong's deposition. Generally, "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."). The court did not abuse its discretion in awarding costs, and that part of its judgment is also AFFIRMED.