[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11267

Non-Argument Calendar

_____

MOLIERE DIMANCHE, JR.,

Plaintiff-Appellant,

*versus*

ORLANDO POLICE DEPARTMENT,

Defendant,

TAKELA JACKSON,
RABIH TABBARA,
NICOLAS LUCIANO MONTES,
OFFICER JOHN DOE,
ORANGE COUNTY COMPTROLLER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02073-JSS-DCI

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Moliere Dimanche Jr., *pro se*, appeals the district court's dismissal without prejudice of his second amended complaint. The district court rejected Dimanche's attacks on the magistrate judge's authority, found that the complaint failed to comply with court orders and rules, and ultimately deemed it an improper shotgun pleading. Dimanche identifies 27 issues with the district court's dismissal, yet he only presents arguments for seven. According to Dimanche, (1) the district court abused its discretion when it adopted the magistrate judge's report and recommendation even though the parties had not consented to his jurisdiction; (2) the district court abused its discretion by denying his request for judicial notice; (3) the magistrate judge abused his discretion by denying his request for default judgment; (4) the district court abused its discretion by striking 51 new defendants from the complaint; (5) the district court abused its discretion by striking a newly added claim; (6) the district court abused its discretion by not granting summary

judgment on that claim; and (7) the district court erred by denying his request for a preliminary injunction. None of his arguments are persuasive. For the reasons expressed below, we affirm.

## I.

Dimanche initiated this action by filing a complaint against 13 defendants, alleging numerous violations of his constitutional rights stemming from a property dispute. According to Dimanche, Julia Frey and Lauren Frey-Hammer walked into his home, accused him of breaking into his own home, and called the police. Dimanche was briefly placed under arrest until the police advised Frey and Frey-Hammer that this dispute was a civil matter. Dimanche claims that he adversely possessed the property and that Frey could not challenge this possession because she did not have an interest in the property herself. Nevertheless, Frey challenged Dimanche's ownership of the property and pursued civil and criminal actions against him. Dimanche was arrested and his property seized. He then commenced an action seeking monetary, injunctive, and declaratory relief from all those involved.

The initial 13 defendants filed respective motions to dismiss in which they argued that the complaint was an impermissible shotgun pleading. The district court allowed Dimanche to amend his complaint and specifically directed him to comply with the pleading requirements under Rules 8 and 10 of the Federal Rules of Civil Procedure in his new pleading. In this same order, the district court told Dimanche that he may "drop or abandon certain defendants or claims that are listed in the Complaint." It also reminded

him that Local Rule 3.01(g) of the Middle District of Florida requires a good faith conferral between parties before certain motions can be filed, and failure to comply is a basis for denial. Dimanche filed his first amended complaint shortly thereafter. As relevant here, this complaint included Orange County Comptroller Phil Diamond and Comptroller staffers Terri Wilson and Deborah Bradley (Comptroller Defendants) and the City of Orlando and police officers Takela Jackson, R. Tabbara, and Nicholas Luciano Montes (City Defendants).

After Dimanche filed his amended complaint, the parties filed a case management report in which they indicated that they did not consent to refer their case to a magistrate judge. In response, the district court entered a case management and scheduling order which set a deadline—May 26, 2023—for filing a motion to join a party or amend pleadings.

Relying on *Younger v. Harris*, the district court then dismissed the complaint without prejudice as it allowed the state criminal proceedings to unfold. 401 U.S. 37 (1971). In this order, the court indicated that Dimanche would have an opportunity to file a second amended complaint within 14 days of lifting the stay. After the state proceedings had concluded, the district court lifted the stay and allowed Dimanche 14 days to "file an Amended Complaint that cures the deficiencies outlined in the Court's previous Orders," due January 3, 2024.

On January 2, Dimanche filed his operative second amended complaint. In that complaint, he added 51 new defendants,

including comptroller staffers Katherine Collie and Ryan Smith (continuation of Comptroller Defendants) and Orange County Clerk employees Tiffany Moore Russell, Melissa Geist, Jessica La-Belle, Hanny D. and Rochelle K. (Clerk Defendants). He also added new claims, including an unlawful detainer claim.

As relevant to this appeal, Dimanche filed three motions as his case progressed. Dimanche first moved for a clerk's entry of default and an entry of default judgment against the City defendants who did not timely respond to the complaint. Less than three hours later and before the clerk entered a default, the City defendants filed their motion to dismiss. Next, Dimanche filed a 106-page request for judicial notice asking the court to acknowledge a wide array of contested facts related to the dispute. Last, he moved for a preliminary injunction demanding that the defendants vacate and surrender his property.

The magistrate judge denied the motion for default judgment and issued a report and recommendation to the district court recommending dismissal of the complaint and denying remaining motions as moot. After conducting a *de novo* review of the report and recommendation, the district court struck the newly added claims and defendants and dismissed the complaint without prejudice. In doing so, the court rejected Dimanche's arguments that the magistrate judge lacked authority to issue a report and recommendation, determined that the second amended complaint went beyond correcting deficiencies as was allowed because it included

new defendants and claims, and concluded that the complaint remained an impermissible shotgun pleading.

Dimanche appealed.

## II.

We review a district court's treatment of a report and recommendation of a magistrate judge, its decision to take judicial notice of a fact, its denial of a motion for default judgment, and its enforcement of its pre-trial orders for abuse of discretion. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006) (treatment of report and recommendation); *Paez v. Sec'y, Florida Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (decision to take judicial notice); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (denial of motion for default judgment); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (enforcement of pre-trial orders). "A district court abuses its discretion if, among other things, it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019) (quotation marks omitted).

We review grants of summary judgment, as all questions of law, *de novo*. *Int'l Union, United Mine Workers v. Jim Walter Res., Inc.*, 6 F.3d 722, 724 (11th Cir. 1993).

## III.

### A.

Although Dimanche initially listed 27 issues in his brief, he advanced arguments for only seven. Because he failed to present arguments on the remaining issues, those issues are abandoned, and our review is precluded.

This Court must hold *pro se* pleadings "to less stringent standards" and has an obligation to construe these pleadings liberally. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But even with this obligation, we must not "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1169 (citation omitted). These same standards apply to appellate briefs filed by *pro se* parties. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

On appeal, issues not briefed or raised for the first time in a reply brief are deemed abandoned. *Timson*, 518 F.3d at 874. In order to preserve the issue, the appellant must "plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations and citations omitted). An issue may be abandoned even if the appellant identifies or mentions it. "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments or authority." *Id.* "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Atty. Gen.*, 561

F.3d 1275, 1278 (11th Cir. 2009). As a result, an appellant abandons an issue when he merely mentions it in his "statement of the case" or his "summary of the argument," includes it as "background" to the main arguments, or "burie[s]" it within those arguments. *Sapuppo*, 739 F.3d at 681–82. If an issue was unintentionally abandoned, courts may nonetheless review the matter only in "extraordinary circumstances." *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (listing five situations in which review of a forfeited issue would be appropriate).

Because Dimanche argued only seven issues despite raising 27 in his "statement of issues presented," his remaining issues are abandoned. And because he does not present any "extraordinary circumstances" that would warrant review, our analysis is limited to the seven properly raised issues. *Id*.

### B.

Dimanche argues that the district court improperly adopted the report and recommendation from the magistrate judge because all parties rejected the civil-consent jurisdiction of the magistrate judge. But the magistrate judge did not need the parties' consent to make recommendations to the district court. Consent is needed only for the magistrate judge to preside over the action and enter final judgments. Therefore, Dimanche's argument fails.

Under 28 U.S.C. § 636(b)(1), a district judge "may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact

and recommendations for the disposition" of motions to dismiss for failure to state a claim and motions for summary judgment. Parties may object to these proposed findings and recommendations at which point a district court must review the contested determinations *de novo*. *Id*. at § 636(b)(1)(C). But the parties' consent to the magistrate's authority is required only if the magistrate were to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." *Id*. at § 636 (c)(1); *cf Roell v. Withrow*, 538 U.S. 580, 585 (2003) ("Unlike nonconsensual referrals of pretrial but case-dispositive matters under § 636(b)(1), . . . a § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review.").

That the parties did not consent to the magistrate judge's jurisdiction is irrelevant because he did not enter a final order or hold any proceedings. The magistrate judge merely issued a recommendation to the district court, which the district court reviewed *de novo* following Dimanche's objections. Because the magistrate judge operated within his authority and the district judge reviewed the contested issues *de novo*, the district court properly rejected Dimanche's challenges to the magistrate's involvement.

### C.

Next, Dimanche argues that the district court improperly treated his request for judicial notice as a motion and incorrectly denied it under Middle District of Florida Local Rule 3.01(a). He claims that by applying the local rule to deny his request without

applying that rule to the defendants' request, the district court violated the Federal Rules of Evidence and the Equal Protection Clause. His arguments all fail.

First, Dimanche suggests that his request for judicial notice is not a "motion" and, if it were, that Local Rule 3.01 impedes the application of the Federal Rules of Evidence and is therefore invalid. But even assuming this were true, his challenge would still fail. The district court denied his request for judicial notice not only because it "fail[ed] to comply with Local Rule 3.01(a)" but also because it "[did] not present facts for which judicial notice was appropriate."

Dimanche does not debate this finding in his argument section, but he does state that the district court applied the wrong legal standard while he outlined the standard of review. According to Dimanche, the district court improperly relied on *Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997), instead of Federal Rule of Evidence 201. But the district court did no such thing. All it did was cite our precedent—which itself applied Rule 201—to illustrate the limitations on taking judicial notice. The district court correctly noted that taking judicial notice is "a highly limited process" reserved for obvious and essentially undisputable facts. And in any event, Dimanche never explains how his request for judicial notice survives under any standard. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."

*Sapuppo*, 739 F.3d at 680. Because Dimanche did not properly challenge the district court's determination that he failed to present facts ripe for judicial notice, the court's judgment must stand.

Next, Dimanche argues that the defendants made a request for judicial notice without certifying that the parties conferred in good faith as required by Middle District of Florida Local Rule 3.01(g). Since the district court applied Local Rule 3.01 to Dimanche's request for judicial notice but not the defendants' request, Dimanche contends that the district court violated the Equal Protection Clause. But what Dimanche characterizes as a request for judicial notice is actually a *response* to Dimanche's request, not a motion itself. Because this response was not a motion, the local rule does not apply. *See* M.D. Fla. Civ. R. 3.01(g). Therefore, the district court's assessment was proper.

### D.

Third, Dimanche argues that the district court was obligated to enter summary judgment in his favor against the City defendants because they failed to timely respond to Dimanche's second amended complaint. As part of this argument, Dimanche contends that the magistrate judge "usurp[ed] the duties of the clerk" by denying entry of default judgment and abused its discretion by assessing untimeliness under the wrong standard. Both arguments fail.

The magistrate judge did not "usurp" the clerk's duties by denying the entry of default judgment, nor was the denial an abuse of discretion. Dimanche seems to misunderstand the magistrate

judge's and the clerk's roles in the default process. He contends that entering default judgment "is a duty vested solely in the clerk and this duty was usurped by the unconsented-to magistrate." As relevant here, entering default judgment involves two steps: the clerk must first enter a default and then the party seeking relief must apply for default judgment from the court. Fed. R. Civ. P. 55. Because the clerk had not yet entered a default, Dimanche's motion for default judgment was premature. And because Dimanche's motion was premature, the district court did not abuse its discretion by denying it. There is no need to consider whether the City defendants timely responded to the second amended complaint.

*E.*

Fourth, Dimanche contends that the district court abused its discretion by striking the 51 added defendants from his second amended complaint. The district court issued a scheduling order that required Dimanche to submit any motions to join a party or amend pleadings by May 26, 2023. On December 20, 2023, after a stay in the proceedings had been lifted, the district court issued another order giving Dimanche 14 days to file a second amended complaint "that cures the deficiencies outlined in the Court's previous Orders." The previous orders referenced Dimanche's ability to "drop or abandon certain defendants or claims," but the orders were primarily intended to provide Dimanche with an opportunity to address concerns that the complaint was an impermissible shotgun pleading. At no point did the district court tell Dimanche that he could add defendants or claims. But on January 2, 2024,

Dimanche submitted a second amended complaint that included 51 new defendants. The district court struck these defendants from the complaint because the deadline to add parties had already passed, Dimanche had not sought leave or shown good cause to modify the scheduling order, and their addition exceeded the scope of the court's order permitting amendment following the stay.

Although his motion was late, Dimanche insists he did not need to seek leave to add these defendants because the order allowing him to file a second amended complaint did not restrict his ability to add defendants. Even if he did need to seek leave, Dimanche argues that the district court should have granted leave because the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Neither argument is persuasive.

Whether Dimanche tried to amend his complaint within the scope of the scheduling order or the court's order to amend following the stay, his amendment is invalid under either. First, because Dimanche sought to add parties on January 2, 2024—well after the May 26, 2023, deadline passed—he must "demonstrate good cause under Rule 16(b) before we will consider whether amendment was proper under Rule 15(a)." *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." But Dimanche does not attempt to make a showing of good cause nor has he obtained the court's consent. Second, adding parties exceeded the scope of the district court's order allowing Dimanche to remedy faults in his complaint. Although Dimanche had

permission to remove parties if he so desired, he did not have permission to add parties. Because Dimanche filed his second amended complaint after the scheduling order timeline had passed and beyond the scope of the court's instructions following the stay, the district court did not abuse its discretion in striking the additional defendants.

*F.*

Fifth, Dimanche argues that the district court abused its discretion in striking his unlawful detainer claim from his second amended complaint and for not granting summary judgment on that claim. Dimanche introduced this claim alongside the 51 new defendants. As with the defendants, Dimanche added a new claim when the district court gave him permission only to cure deficiencies in the complaint and "drop or abandon certain defendants or claims." For the same reasons discussed previously, the district court did not abuse its discretion by striking the new claim because Dimanche submitted it after the scheduling order deadline had passed and because it went beyond the scope of the court's order.

Because the district court properly struck the claim, Dimanche's contention that he was entitled to summary judgment on that claim "no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir.2009) (internal quotation marks omitted). Therefore, the issue is moot. *Id.*

### G.

Last, Dimanche argues that the district court erred in denying his request for a preliminary injunction. According to Dimanche, the defendants unlawfully seized his property amounting to an ongoing constitutional injury which entitled him to a preliminary injunction. Because this injury is ongoing, he argues that this issue was not mooted by the district court's dismissal of his complaint. But this argument overlooks the impact that the dismissal and his appeal have on his request for injunctive relief. When a district court dismisses a complaint without prejudice and with leave to amend, and the plaintiff elects to appeal the decision rather than amend, that dismissal becomes final. *See Garfield v. NDC Health Cor.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006). And "[o]nce a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction." *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992). Because Dimanche has not identified any error in the district court's order dismissing the complaint, we cannot say the district court erred in denying Dimanche's related request for injunctive relief.

### IV.

The district court court's judgment is **AFFIRMED.**